# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2011

No. 11-10055
Summary Calendar

Lyle W. Cayce
Clerk

VAL-COM ACQUISITIONS TRUST; KENNETH F HOLT; KIMBERLY R HOLT,

Plaintiffs–Appellants

v.

SUNTRUST MORTGAGE CO.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-0436-Y

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kenneth and Kimberly Holt purchased a home in 2005, financing the purchase through a note and deed of trust payable to Home Loan Corporation. SunTrust states it later became the holder of the note and deed of trust, as well as the mortgage servicer. In April 2010, the complaint alleges that Val-Com acquired the property from the Holts pursuant to a general warranty deed,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10055

subject to the note and deed of trust. After the mortgage went into default, SunTrust sought a non-judicial foreclosure. To avoid foreclosure, Val-Com filed suit in Texas state court on its own behalf and on behalf of the Holts. SunTrust removed to federal district court. Val-Com's amended complaint alleged a variety of claims, all of which the district court dismissed under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs appeal only the dismissal of their Declaratory Judgment Act claims. They seek declarations as to whether SunTrust a) is the owner and/or holder of the note and deed of trust, b) is entitled to enforce the note and deed of trust, c) may administer a foreclosure of the home on behalf of the mortgagee, and d) is entitled to enforce the note and deed of trust by means of a non-judicial foreclosure sale.

The Declaratory Judgment Act authorizes the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration."[1] Such a declaration may issue only to resolve an actual controversy between the parties.[2] An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests."[3] The controversy "'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'"[4] The plaintiffs have the burden of establishing the existence of an actual controversy under the Act.[5]

---

[1] 28 U.S.C. § 2201(a).

[2] *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937)).

[3] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation and internal quotation marks omitted).

[4] *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967)).

[5] *See Vantage Trailers, Inc. v. Beall Corp.*, 565 F.3d 745, 748 (5th Cir. 2009); *Young v. Vannerson*, 612 F. Supp. 2d 829, 840 (S.D. Tex. 2009).

No. 11-10055

Here, the plaintiffs have failed to carry that burden. The plaintiffs' first amended complaint does not allege—even on information and belief—that SunTrust is not the owner and/or holder of the note and deed of trust, that SunTrust is not the mortgage servicer, or that SunTrust lacks authority to enforce the note and deed of trust by administering a non-judicial foreclosure sale. The only related factual allegation in the complaint is that SunTrust was not the original lender on the note and deed of trust. Plaintiffs never allege that SunTrust is not the current holder and owner of the note and deed of trust. Further, the plaintiffs fail to allege any facts suggesting that the note and deed of trust are non-negotiable or that they were improperly transferred or indorsed. While there could be a dispute between the parties, absent these allegations, any such dispute is, at this point, hypothetical or conjectural. As a result, the district court was correct to dismiss the plaintiffs' request for a declaratory judgment.

AFFIRMED.