# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-30493
Summary Calendar

February 1, 2012

Lyle W. Cayce
Clerk

ORA PRICE; LEONARD PRICE; DARRYL PRICE,

Plaintiffs - Appellants

v.

INTERSTATE MANAGEMENT COMPANY; CALISH JOLLA, personally and in her official capacity as site manager for Interstate Realty Management; CONNIE ABDUL, personally and in her official capacity as social worker for Interstate Realty Management; MICHEALS DEVELOPMENT COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:11-cv-00114-CJB-JCW

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants allege that the district court committed reversible error when it denied their motion for a declaratory judgment and granted the defendants-appellees' motion to dismiss under Fed. R. Civ. P. 12(b)(1), (6). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30493

Appellant Ora Price is a resident of the Desire Public Housing Development project in New Orleans, Louisiana. In December 2010, a gun-related incident involving her grandson, Leroy Price, occurred on the premises. Two days later Price received a notice of infraction. At the subsequent hearing defendants-appellees accused Price of, *inter alia*, disturbing other residents' peace, damaging residence property, and failing to prevent a person under her control from engaging in criminal activity on the premises, in violation of her lease agreement. On January 4, 2011, Price received a notice of termination of her lease, and a notice to vacate by February 4.

Proceeding *pro se*, appellants filed a complaint with jury demand on January 21, 2011, alleging "defendants have violated [plaintiffs'] constitutional and civil rights under the U.S. Constitution" and federal law, and that the district court had federal question jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1343. Ten days later, they filed an "Ex Parte and Urgent Motion for Declaratory Judgment, Preliminary and in Due Course Permanent Injunction, and Restraining Order" to prevent appellees from initiating any eviction proceedings against them. The district court denied that motion, concluding that "although they are anticipated shortly, no eviction proceedings have been initiated at this time....Thus, the Court does not find that there are any federal constitutional issues to be resolved at this time, and Plaintiffs have not met the standard for obtaining declaratory or other injunctive relief."

On April 5, 2011, appellees filed a motion to dismiss appellants' complaint under Fed. R. Civ. P. 12(b)(1) and (6). The district court granted the motion, and appellants timely filed a notice of appeal with this court.

This court reviews a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim *de novo*.[1] A claim may be dismissed if the plaintiff fails to allege

---

[1] *Amacker v. Renaissance Asset Mgmt, LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

sufficient facts that, taken as true, state a claim that is plausible on its face.[2] We agree with the district court's conclusion that appellants failed to meet this burden. Although they allege in general terms that appellees have violated federal law and their constitutional rights, they do not present any facts that would support these claims. Consequently, the district court did not err in dismissing their complaint under Rule 12(b)(6).

The district court also dismissed the appellants' action for a declaratory judgment. Because appellants failed to state a claim for which relief may be granted, the district court did not err in dismissing their request for a declaratory judgment.[3] As the district court noted, if and when eviction proceedings actually come to pass in this case, the appellants will have the "opportunity to contest those proceedings in state court."

For the foregoing reasons, we affirm the district court's dismissal of appellants' complaint and action for a declaratory judgment.

---

[2] *Hershey v. Energy Transfer Partners, LP*, 610 F.3d 239, 245 (5th Cir. 2010).

[3] *See Val-Com Acquisitions Trust v. Chase Home Finance, LLC*, 434 Fed.App. 395, 395–96 (5th Cir 2011).