**Juhn F. MARSH and Ingrid Marsh, Plaintiffs,**

**v.**

**JPMORGAN CHASE BANK, N.A.; Incorrectly Named in State Court as JP Morgan Bank as Servicer; Mortgage Electronic Registration Systems, Inc.; Bank of America, National Association, As Successor By Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2005–HE12, Defendants.**

**Civil Case No. SA–12–CA–599–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 29, 2012.

---

109. R. Doc. 160–2 at 26.

Oscar L. Cantu, Jr., Law Offices of Oscar Cantu, San Antonio, TX, for Plaintiffs.

Charles R. Curran, William Lance Lewis, Quilling Selander Lownds Winslett & Moser, PC, Dallas, TX, for Defendants.

## ORDER CONCERNING DEFENDANTS' JOINT MOTION TO DISMISS

FRED BIERY, Chief Judge.

Before the Court are Defendants' Joint Motion to Dismiss (docket # 3), Plaintiffs' Response to Defendants' Motion to Dismiss (docket # 4), and Defendants' Reply (docket # 5). For the reasons set forth below, the Court finds Defendants' Joint Motion to Dismiss (docket # 3) should be GRANTED.

### I. Background

This case involves the attempted foreclosure of residential real property described in the real property records of Bexar County, Texas as: "Lot 38, Block 2, NCB 34034A, The Cloisters of Dominion, PUD, San Antonio, Bexar County, Texas according to map or plat thereof as recorded in Volume 9525, Pages 74–75 of the Deed and Plat Records of Bexar County, Texas." (Plaintiffs' Original Petition, Ex Parte Application for Temporary Restraining Order, and Setting for Temporary Injunction at page 2, attached as Exhibit A–3 to Defendants' Notice of Removal, docket

# 1.) On June 11, 2005, plaintiffs Juhn F. Marsh [1] and Ingrid Marsh executed a Note payable to MIT Lending, secured by a Deed of Trust encumbering the property. *Id.*

Plaintiffs allege on March 29, 2010, defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") "caused to be filed an Assignment of Note and Deed of Trust where MERS was the assignor as nominee for Lender." *Id.* Plaintiffs attached to their Original Petition a copy of the purported Assignment, which lists as the assignee defendant Bank of America, National Association As Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2005–HE12 (hereinafter "BOA"). (Assignment of Note and Deed of Trust, attached as Exhibit A to Plaintiffs' Original Petition.) [2] The Assignment was signed by Christina Trowbridge as Vice President of MERS. *Id.* Plaintiffs contend defendant JPMorgan Chase Bank, N.A. (hereinafter "JPMorgan"),[3] acting as servicer for BOA, attempted to foreclose on the property in June of 2012.

On June 5, 2012, plaintiffs filed the present action against JPMorgan, MERS, and BOA in the 408th Judicial District of Bexar County, Texas, alleging the following:

1. In the style of Plaintiffs' Original Petition, plaintiff is named as "Juhn F. Marsh." However, in the style of Plaintiffs' Response to Defendants' Motion to Dismiss (docket # 4), plaintiff is named as "Jonh F. Marsh." In the body of Plaintiffs' Response, plaintiff is referred to as "John Marsh." The Court will refer to plaintiff as "Juhn F. Marsh," as named in the style of the Original Petition.

2. The Court may properly consider this exhibit when evaluating defendants' motion because it is attached to Plaintiffs' Original Petition. *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007) ("A written document

that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding."). The Court may also properly consider the Assignment because it is recorded in the Official Public Records of Bexar County, Texas, and "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994).

3. Defendants contend JPMorgan was incorrectly named in the state court petition as JP Morgan Bank as Servicer.

**Lack of Standing** ... [BOA's] interest claimed in Plaintiffs' property is void as the assignment from MERS executed on FebruMarch [sic] 29, 2010 (Exhibit A) was executed by Christina Trowbridge, a person not authorized by MERS to execute such a conveyance. .... Trowbridge was never appointed by the MERS Board of directors as an "authorized signatory" as required by the corporate bylaws of MERS. Therefore the assignment to [BOA] by MERS is void.... Furthermore, ... [s]ince MERS never had any interest in the promissory note, then [BOA] ... can receive no rights of payment under the note and is not the Lender under the terms of the deed of trust .... [and] Wells Fargo [sic] had no right to execute a power of sale under the terms of the deed of trust.

(Plaintiffs' Original Petition at pages 3–4.) Plaintiffs further allege:

**Fraudulent Lien** ... [Ms. Trowbridge] had no authority to bind MERS and when [she] executed the assignment of Plaintiff's property, MERS caused the filing of a fraudulent document within the meaning of Texas Government Code § 51.901(c). Furthermore, ... the notary acknowledgment is false and fails to identify the signatory as required by statute. The assignments [sic] referred to herein were filed by MERS with knowledge of a fraudulent lien claim against property with the intent to be considered a valid lien and with the intent to cause financial injury in violation of Texas Civil Practice and Remedies Code § 12.002.

*Id.* at 4–5. In addition to the Assignment of Note and Deed of Trust, plaintiffs also attach to their petition an excerpt from the 2010 deposition transcript of William Hultman, MERS Corporate Secretary, taken in a case in the Superior Court of New Jersey, Chancery Division. (Hultman Deposition, attached as Exhibit B to Plaintiffs' Original Petition.) Plaintiffs contend the deposition establishes "MERS has never executed any corporate resolution permitting the appointment of any non-MERS employees as authorized signatories of MERS or as assistant secretaries of MERS." (Plaintiffs' Original Petition at page 3.)

Plaintiffs seek damages, injunctive relief, and a "declaratory judgment determining that neither [BOA], nor JP Morgan, nor MERS have any ... interest in the property, that neither Defendant is entitled to enforce the power of sale, ... and that neither Defendant is entitled to payment for the subject property." *Id.* at 5. Plaintiffs further state they seek damages for "attempted wrongful foreclosure," damages because "Defendants knowingly committed fraud upon the court," and "damages [for] breach of contract." *Id.*

The state court issued a temporary restraining order, restraining defendants from foreclosing on the property. (Temporary Restraining Order, attached as Exhibit A–5 to Defendants' Notice of Removal.) On June 18, 2012, defendants removed the action to this Court on the basis of diversity jurisdiction.[4] (Defendants' Notice of Removal, docket # 1.)

## II. Legal Standard

Defendants filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) (docket # 3). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient

---

4. Defendants contend complete diversity exists because plaintiffs are citizens of Texas, JPMorgan is a citizen of Ohio, MERS is a citizen of Delaware or Virginia, and BOA is a citizen of North Carolina. (Defendants' Notice of Removal at pages 3–4, docket # 1.) Defendants further allege the amount in controversy exceeds $75,000. *Id.* at 4–5. Plaintiffs do not contest this Court's jurisdiction.

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Defendants contend plaintiffs' claims should be dismissed in their entirety because they "assert[ ] no viable cause of action or cognizable claim by which Plaintiffs may be entitled to relief." (Defendants' Motion to Dismiss at page 2.)[5] Plaintiffs request the Court deny the Motion to Dismiss, or in the alternative, "direct the [p]laintiff[s] to replead any offending portions of their complaint." (Plaintiffs' Response at page 10.)

### III. Analysis

#### A. Standing

Juhn and Ingrid Marsh contend "[BOA's] interest claimed in Plaintiffs' property is void as the assignment from MERS executed on FebruMarch [sic] 29, 2010 (Exhibit A) was executed by Christina Trowbridge, a person not authorized by MERS to execute such a conveyance. .... Trowbridge was never ap-

pointed by the MERS Board of directors as an 'authorized signatory' as required by the corporate bylaws of MERS. Therefore the assignment to [BOA] by MERS is void." (Plaintiffs' Original Petition at page 3.) In other words, plaintiffs challenge defendants' standing to foreclose on the property.

■ Plaintiffs' allegations regarding Ms. Trowbridge's authority as a signatory fail because plaintiffs were not parties to the Assignment between MERS and BOA and therefore lack standing to challenge it. *See Metcalf v. Deutsche Bank Nat'l Trust Co.,* No. 3:11–CV–3014–D, 2012 WL 2399369, at *5 (N.D.Tex. Jun. 26, 2012) ("Courts in this circuit have repeatedly held that borrowers do not have standing to challenge the assignments of their mortgages because they are not parties to those assignments."); *Defranceschi v. Wells Fargo Bank, N.A.,* 837 F.Supp.2d 616, 623–24 (N.D.Tex.2011) (plaintiffs did not have standing to challenge assignments of a deed of trust where plaintiffs were not parties to the assignments); *Eskridge v. Fed. Home Loan Mortg. Corp.,* No. W–10–CA–285, 2011 WL 2163989, at *5 (W.D.Tex. Feb. 24, 2011) ("Plaintiff has no standing to contest the various assignments as she was not a party to the assignments.").

Plaintiffs attempt to distinguish the case at bar from these and similar cases by arguing:

those cases center[ ] on plaintiffs who argued the assignment was somehow technically deficient or flawed as a matter of law. In this case, Plaintiff does not dispute the right to securitize the mortgage or the technical aspects of ex-

---

5. Defendants also note on June 1, 2010, Juhn F. Marsh filed a lawsuit concerning the same property in the 224th Judicial District of Bexar County, Texas, in which he sought to enjoin a foreclosure sale of the property scheduled for June 1, 2010. According to

defendants, Mr. Marsh "nonsuited the Prior State Court Action on January 9, 2012, and again seeks to delay the foreclosure proceedings without a legal basis to do so." (Defendants' Motion to Dismiss at page 2, n. 1.)

ecuting an assignment, but alleges that as a result of improper procedures, the true owner of the mortgage is unclear. (Plaintiffs' Response at page 2.) The Court finds plaintiffs' distinction unconvincing. Juhn and Ingrid Marsh lack standing to challenge the Assignment despite their characterization of the challenge as one based on "improper procedures" as opposed to one based on "technical[ ] deficien[cies]." Courts within this circuit have held a mortgagor lacks standing to challenge the assignment of a deed of trust based on the assignment signatory's alleged lack of authority. *See Willeford v. Wells Fargo Bank, N.A.*, No. 3:12–CV–0448–B, 2012 WL 2864499, at *2 (N.D.Tex. Jul. 12, 2012) (holding mortgagor "lack[ed] standing to challenge MERS's assignment of the Deed of Trust to Wells Fargo Bank because she was not a party to the assignment" even when she alleged "the assignment [was] void because the assistant secretary who signed on behalf of MERS lacked the authority to do so").

Even assuming plaintiffs have standing to challenge the assignment, plaintiffs do not present any authority and the Court did not locate any authority indicating such assignments must be voided where the

execution of the assignment violates an assignor's corporate bylaws. Importantly, MERS, whose bylaws are purported to have been violated by Ms. Trowbridge's signature, does not contest the validity of the assignment of its interest to BOA.

█ Juhn and Ingrid Marsh further contend the Assignment was defective because MERS was not a party to the Note, was not a payee under the Note, was not an owner of the Note, has never been a holder of the Note, has never had possession of the Note, had no interest in the Note, and thus had no authority to assign the Note to BOA. (Plaintiffs' Original Petition at page 4.) As stated, plaintiffs lack standing to challenge the Assignment between MERS and BOA because plaintiffs were not parties to that Assignment. *Metcalf*, 2012 WL 2399369, at *5; *Defranceschi*, 837 F.Supp.2d at 623–24; *Eskridge*, 2011 WL 2163989, at *5. Even if plaintiffs had standing to challenge the Assignment, the Court finds the argument regarding whether MERS was the owner or holder of Note lacks merit. Although neither party presented the Note or Deed of Trust to the Court, the Assignment contains a description of the Note and Deed of Trust:

Note and Deed of Trust—

| | |
|---|---|
| Maker/Grantor: | Ingrid Delrita Marsh<br>John F. Marsh |
| Date: | July 11, 2005 |
| Original Amount: | $531,000.00 |
| Payee: | Mortgage Electronic Registration Systems, Inc. as Nominee for Lender and Lenders Successors and Assigns |

(Assignment of Note and Deed of Trust at page 1.) The language of the Assignment indicates, and plaintiffs do not dispute, MERS was named as "as Nominee for Lender and Lenders Successors and Assigns" in the Deed of Trust. Therefore, this case is analogous to the case of *Spositi v. Fed. Nat'l Mortg. Ass'n*, No. 4:11–CV–542, 2011 WL 5977319, at *3 (E.D.Tex.

Nov. 3, 2011). In *Spositi*, the plaintiffs challenged the defendants' authority to foreclose on property, "largely premised on MERS's purportedly illegitimate transfer of interest in [p]laintiffs' mortgage to CitiMortgage." *Id.* The court explained:

Since the Deed of Trust identifies MERS as the beneficiary and the nomi-

nee for the original lender and its successors and assigns, this makes MERS a mortgagee under the Texas Property Code. As a mortgagee, MERS could authorize CitiMortgage to service the loan and foreclose, regardless of whether MERS was the true owner of the Note. *Id.* at *4. Similarly, here, MERS was named as the nominee for the original lender and its successors and assigns. MERS was therefore a mortgagee under the Texas Property Code and could authorize BOA to service the loan and foreclose on the property, regardless of whether MERS was the true owner of the Note. For these reasons, the Court finds plaintiffs' challenge to defendants' standing to foreclose on the property lacks merit.

## B. Fraudulent Lien

■ Juhn and Ingrid Marsh contend, because Ms. Trowbridge "had no authority to bind MERS, ... MERS caused the filing of a fraudulent document within the meaning of Texas Government Code § 51.901(c)." (Plaintiffs' Original Petition at page 4.) Plaintiffs further allege "the notary acknowledgment is false and fails to identify the signatory as required by statute." *Id.* Accordingly, plaintiffs contend MERS "filed ... a fraudulent lien ... in violation of Texas Civil Practice and Remedies Code § 12.002." *Id.* Plaintiffs lack standing to allege a fraudulent lien claim based on the Assignment between MERS and BOA because plaintiffs were not parties to the Assignment. *See Swannie v. Bank of New York, Mellon,* No. 4:11–CV–338–Y, 2012 WL 2942242, at *2 (N.D.Tex. Jul. 19, 2012) (mortgagor lacked standing to assert fraudulent lien claim challenging the assignment of the deed of trust from MERS to Bank of New York because mortgagor was not a party to that assignment). Even if plaintiffs did have standing to bring a fraudulent lien claim, the Court finds it lacks merit.

■ As explained by one Texas court, Texas Government Code Section 51.903(a):

> authorizes a person or entity that owns real property, and has reason to believe that another has filed a document purporting to create a lien against that property, to file a motion with the district clerk alleging that the instrument in question is fraudulent ... and therefore should not be accorded lien status.

*In re Purported Liens or Claims Against Samshi Homes, L.L.C.,* 321 S.W.3d 665, 666 (Tex.App.-Houston [14th Dist.] 2010, no pet.). Section 51.901(c), cited by plaintiffs, delineates documents or instruments which are presumed to be fraudulent. Tex. Gov.Code § 51.901(c) (West 2005). In a recent Texas state case in which a plaintiff challenged the assignment of a note and deed of trust under the Texas Government Code, the Court of Appeals wrote:

> [Plaintiffs'] reliance on government code section 51.903 to challenge the assignment's validity is misplaced. Section 51.903 does not apply to assignments; rather, it applies only to documents or instruments "purporting to create a lien or claim" against property. The assignment at issue in the present case does not purport to create a lien or claim, it merely purports to transfer an existing deed of trust from one entity to another. We conclude that the [plaintiffs] cannot rely on government code section 51.903 to challenge the validity of an assignment of a deed of trust based on an alleged lack of authority to make the assignment.

*In re Campbell,* No. 03–11–00524–CV, 2012 WL 1811616, at *2 (Tex.App.-Austin May 18, 2012) (no pet.). Because plaintiffs base their Chapter 51 claim on the assignment of a lien, and not on the creation of a lien, the Court finds plaintiffs' Texas Government Code claim fails.

In addition to Texas Government Code Section 51.903(a), plaintiffs invoke Section 12.002(a) of the Texas Civil Practices and Remedies Code, which provides:

A person may not make, present, or use a document or other record with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem.Code § 12.002(a) (West 2012). The parties dispute whether the Assignment from MERS to BOA constitutes a "court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property" within the meaning of Section 12.002.

In their Motion to Dismiss, defendants argue "[a]n assignment of a note and deed of trust is not a lien under this section and cannot serve as the basis for a claim for violation of section 12.002." (Defendants' Motion to Dismiss at page 5.) Defendants further argue "the assignment merely purports to transfer an interest in the underlying note and deed of trust from MERS to BOA. *Id.* Defendants cite the recent case of *Garcia v. Bank of New York Mellon*, No. 3:12–CV–0062–D, 2012 WL 692099, at *1 (N.D.Tex. Mar. 5, 2012), in which the mortgagor-plaintiffs challenged the validity of the assignment of a deed of trust from MERS to Bank of New York, alleging the assignment was fraudulent and defendants had violated Chapter 12 of the Texas Civil Practice and Remedies Code. The *Garcia* court dismissed plaintiff's Section 12.002 claim, reasoning: "Under § 12.001, a 'lien' is defined as 'a claim in property for the payment of a debt and includes a security interest.' Plaintiffs have not pleaded facts that establish a plausible claim that . . . the assignment of the deed of trust . . . is a lien as defined by the statute." *Id.* at *3. Plaintiffs did not address *Garcia* in their Response to Defendants' Motion to Dismiss.

However, plaintiffs cite the case of *Kingman Holdings, LLC v. CitiMortgage, Inc.*, No. 4:10–CV–619, 2011 WL 1883829, at *4–6 (E.D.Tex. Apr. 21, 2011), in which the court suggests an assignment of alien may constitute a "lien" under Chapter 12. In *Kingman*, the court held a mortgagor's claim under Section 12.022 survived a Rule 12(b)(6) motion to dismiss where the mortgagor alleged "MERS did not properly appoint [the signatory of the assignment] as an officer of MERS and that [the signatory] did not have authority to bind MERS, and when [he] executed the assignment, it caused MERS to file a fraudulent document in the deed records." *Id.* at *6.[6]

---

**6.** Plaintiffs contend in *Kingman*, "the court assessed a fraud claim against CitiMortgage in which the plaintiff alleged that MERS' appointment of an assistant secretary . . . was invalid because it was not approved by the board of directors." (Plaintiffs' Response at page 4.) Plaintiffs misstate the holding in *Kingman*. There, the court did not "assess a fraud claim" but did hold a claim under Section 12.022 survived a Rule 12(b)(6) motion to dismiss.

*Garcia* and *Kingman* conflict on the issue of whether an assignment of a note and deed of trust can constitute a lien under Chapter 12 of the Texas Civil Practice and Remedies Code, and Texas courts have not yet considered this issue. Where, as here, there is an absence of a final decision by the state's highest court, the Court must determine how the state's highest court would resolve the issue if presented with it. *Citigroup, Inc. v. Fed. Ins. Co.,* 649 F.3d 367, 371 (5th Cir.2011). Under Texas's rules of statutory construction, the Court "must construe statutes as written and, if possible, ascertain legislative intent from the statute's language." *Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). Though the Court's starting point is the "plain and common meaning of the statute's words," *Texas ex rel. Texas Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002), the Court may "consider other factors to determine the Legislature's intent." *Helena Chem. Co.,* 47 S.W.3d at 493.

■ As stated, Section 12.001 defines a "lien" as "a claim in property for the payment of a debt and includes a security interest." Tex. Civ. Prac. & Rem.Code § 12.001(3) (West 2012). The plain and common meaning of the statute's words do not suggest the Texas legislature intended to include mortgage assignments within the purview of Chapter 12. The assignment or transfer of an interest in property is distinct from a "claim" in property.[7] This conclusion is supported by the legislative history of the chapter, which was added by House Bill 1185 by the 75th Texas Legislature in 1997.[8] According to the House Bill Analysis, the purpose of the section was to "creat[e] a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to *create* a lien or claim against real or personal property in favor of a person aggrieved by the filing." House Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997) (emphasis added); *see also* Senate Jurisprudence Committee, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997) ("This bill also provides for civil remedies by creating a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to *create* a lien against real or personal property") (emphasis added).

Based on the plain meaning of the statute's words and the legislative history, the Court concludes in order to state a fraudulent lien claim under Section 12.002, a party must allege the challenged instrument "purport[ed] to create a lien or claim" against property. Here, the Assignment from MERS to BOA challenged by plaintiffs does not purport to create a lien or claim; it merely purports to transfer an existing deed of trust from one entity to another. Accordingly, the Court finds plaintiffs have failed to plead the Assignment constituted a lien under Section 12.002(a) of the Texas Civil Practices and Remedies Code. *See Willeford v. Wells Fargo Bank, N.A.,* No. 3:12–CV–0448–B, 2012 WL 2864499, at *6 (N.D.Tex. Jul. 12, 2012) (dismissing mortgagor's Section 12.002(a) fraudulent lien claim where mortgagor challenged the assignment of a deed of trust, but failed to provide "any factual

---

7. Importantly, plaintiffs do not dispute the validity of the original lien memorialized by the Deed of Trust, which plaintiffs assert was recorded in Volume 123291, Page 90 of the Real Property Records of Bexar County, Texas. (Plaintiffs' Original Petition at page 2.)

8. Before the Texas Civil Practice and Remedies Code was renumbered in 1999, the language of Chapter 12 was actually contained in Chapter 11.

allegations to support her contention that the assignment was a fraudulent lien instrument"). Plaintiffs' fraudulent lien claim should be dismissed with prejudice.

## C. Common Law Fraud

■ In naming relief sought, plaintiffs state they seek damages because "Defendants knowingly committed fraud upon the court as MERS' inability to assign notes without authority has been adjudicated in different jurisdictions." (Plaintiffs' Original Petition at page 5.) To the extent plaintiffs attempt to state a claim for common law fraud, the Court finds that claim fails. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co.*, 341 S.W.3d 323, 337 (Tex.2011). While complaints generally need to contain only a short and plain statement of the cause of action, allegations of fraud must "state with particularity the circumstances constituting fraud." Fed. R. CIV. P. 9(b). Under Rule 9(b), a plaintiff must include the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 Fed. Appx. 295, 298 (5th Cir.2011); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir.2003).

■ In Plaintiffs' Response to Defendants' Motion to Dismiss, they argue they have complied with the requirements of FED.R.CIV.P. 8 and 9 by alleging "MERS has knowingly permits [sic] the execution of real property documents by persons not legally authorized in accordance with the corporate bylaws of MERS." (Plaintiffs' Response at page 8.) The Court finds plaintiffs fail to allege how the purported deficiencies in the Assignment from MERS to BOA constituted a material misrepresentation upon which they relied. *Grisham v. Deutsche Bank Trust Co. Americas*, No. 4:11–CV–3680, 2012 WL 2568178, at *4 (S.D.Tex. Jun. 28, 2012) (in case where mortgagor challenged authority of signatory on assignment of deed of trust, court held mortgagor's fraud claim should be dismissed because mortgagor failed to identify a "material misrepresentation on which he relied to his detriment"); *see also White v. BAC Home Loans Serv.*, No. 3:09–CV–2484–G, 2010 WL 4352711, at *4 (N.D.Tex. Nov. 2, 2010) (dismissing mortgagor's fraud claim against mortgage-servicer where plaintiff failed to "plead any facts tending to show that he justifiably relied—or even how he relied—on any misrepresentation made by [defendant]."). The Court finds plaintiffs have failed to state a claim for fraud, and their fraud claim should be dismissed with prejudice.

## D. Attempted Wrongful Foreclosure

■ Plaintiffs state they seek damages for "attempted wrongful foreclosure." (Plaintiffs' Original Petition at page 5.) A claim for wrongful foreclosure requires a showing of "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Zoluaga v. BAC Home Loans Serv., L.P.*, No. 4:11–CV–369, 2011 WL 5600377, at *7 (E.D.Tex. Nov. 16, 2011) (*citing Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008, no pet.)). Since "an inadequate selling price is a necessary ele-

ment of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery." *Biggers v. BAC Home Loans Serv., LP,* 767 F.Supp.2d 725, 729 (N.D.Tex. 2011). Here, plaintiffs do not allege a foreclosure sale has occurred, and, in fact, the sale was restrained by state court order on June 5, 2012. (Temporary Restraining Order, attached as Exhibit A–5 to Defendants' Notice of Removal.) Furthermore, "Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.'" *Id.; Cyrilien v. Wells Fargo Bank, N.A.,* No. Civ. H–10–5018, 2012 WL 2133551, at *2 (S.D.Tex. Jun. 11, 2012) (citing *Anderson v. Baxter, Schwartz & Shapiro, LLP,* No. 14–11–00021–CV, 2012 WL 50622, at *4 (Tex.App.-Houston [14th Dist.] Jan 10, 2012, no pet.) (mem. op.)). Accordingly, plaintiffs' claim for attempted wrongful foreclosure should be dismissed with prejudice.

### E. Breach of Contract

■ Plaintiffs state they seek "damages [for] breach of contract." (Plaintiffs' Original Petition at page 5.) Under Texas law, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach. *Sauceda,* 268 S.W.3d at 140; *Roof Sys., Inc. v. Johns Manville Corp.,* 130 S.W.3d 430, 442 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Plaintiffs do not make any factual allegations to support a claim for breach of contract. In fact, plaintiffs seek declaratory judgment that none of the defendants has a legal or equitable interest in the property at issue, a contention which seems to contradict the existence of a valid contract. Even assuming plaintiffs sufficiently pleaded the existence of a valid contract, plaintiffs do not allege they performed or tendered performance under the contract. In other

words, plaintiffs failed to allege they were current on their payments under the Deed of Trust. *See Metcalf v. Deutsche Bank Nat'l Trust Co.,* No. 3:11–CV–3014–D, 2012 WL 2399369, at *10 (N.D.Tex. Jun. 26, 2012) (dismissing "plaintiffs' breach of contract claim because they … failed to allege that they performed their contractual obligations by remaining current on their mortgage payments until the alleged breach"). Because plaintiffs' own allegations contradict their breach of contract claim, the Court finds the breach of contract claim should be dismissed with prejudice.

### F. Injunctive and Declaratory Relief

In addition to damages, plaintiffs seek injunctive relief, and a "declaratory judgment determining that neither [BOA], nor JP Morgan, nor MERS have any … interest in the property, that neither Defendant is entitled to enforce the power of sale, … and that neither Defendant is entitled to payment for the subject property." (Plaintiffs' Original Petition at page at 5.) In the absence of a viable substantive claim, plaintiffs' request for injunctive relief is without merit. *See Pajooh v. Harmon,* 82 Fed.Appx. 898, 899 (5th Cir.2003) (upholding the denial of injunctive relief when plaintiff failed to state a claim). The Court finds plaintiffs' request for injunctive relief should be denied. Furthermore, because plaintiffs have failed to state a claim for which relief may be granted, the Court finds plaintiffs' request for a declaratory relief should also be dismissed. *See Val–Com Acquisitions Trust v. Chase Home Fin., LLC,* 434 Fed.Appx. 395, 395–96 (5th Cir.2011) (district court did not err in dismissing plaintiff's request for a declaratory judgment where they failed to state a claim for which relief may be granted).

### G. Amendment of Complaint

In their response to defendants' motion, plaintiffs requested the Court deny the Motion to Dismiss, or in the alternative, "direct the [p]laintiff[s] to replead any offending portions of their complaint." (Plaintiffs' Response at page 10.) Plaintiffs do not provide any grounds upon which they should be allowed to replead, and the Court therefore finds plaintiffs have failed to adequately move to amend their complaint. *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir.2003) ("A bare request in an opposition to a motion to dismiss[,] without any indication of the particular grounds on which the amendment is sought[,] ... does not constitute a motion within the contemplation of Rule 15(a).") (internal quotation and punctuation omitted).

### IV. Conclusion

Accordingly, based on the foregoing and the arguments and authorities presented by the parties, IT IS HEREBY ORDERED that Defendants' Joint Motion to Dismiss (docket #3) is GRANTED, such that plaintiffs' claims are DISMISSED WITH PREJUDICE, and plaintiffs' requests for injunctive and declaratory relief are DENIED.

IT IS FURTHER ORDERED that motions pending, if any, are DISMISSED, and this case is CLOSED.

It is so ORDERED.