**Jesse and Janie GONZALES,[1]**
**Appellants,**

v.

**SHING WAI BRASS AND METAL**
**WARES FACTORY, LTD.,**
**Appellee.**

No. 04–05–00235–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 28, 2005.

---

1. Although the underlying lawsuit bears the style *Jessie and Janie Gonzales v. Tuesday Morning Partners, Ltd. et al.,* the petition was filed by State Farm Lloyds as subrogee of Jessie and Janie Gonzales, and State Farm Lloyds is the appellant herein.

N. Scott Carpenter, Sheppard Sands, Carpenter Law Firm, P.C., Plano, for appellants.

David L. Ortega, Brendan K. McBride, Elizabeth J. Lindell, Prichard Hawkins McFarland & Young, L.L.P., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's granting of appellee's no-evidence motion for a summary judgment on appellant's strict liability claims. We affirm.

## BACKGROUND

Janie and Jesse Gonzales purchased a lamp from Tuesday Morning, Inc. The lamp was manufactured by Shing Wai Brass and Metal Wares Factory, Ltd. ("Shing Wai"). In October 2001, a fire occurred in the Gonzales home, allegedly because of the lamp's malfunction. State Farm Lloyds paid the Gonzaleses' insurance claim, and filed the underlying subrogation lawsuit against Shing Wai and Tuesday Morning, Inc. State Farm alleged the lamp was defectively designed, manufactured, or marketed, and State Farm brought claims based on negligence, strict liability, and breach of warranty. The Gonzaleses intervened because they incurred a loss in excess of the amount paid to them under their insurance policy with State Farm. Eventually, Tuesday Morning, Inc. was non-suited.

Approximately one year after suit was filed, Shing Wai filed its no-evidence motion for summary judgment, alleging (1) there is no evidence of a defect in the lamp; and (2) there is no evidence to substantiate plaintiffs' damages or to support the claim that any damages were caused by an allegedly defective condition in the lamp. In its first ground for summary judgment, Shing Wai alleged that "Plaintiffs' experts merely make factual observations about the fire without lending any credence to Plaintiffs' defect claims." In response, State Farm submitted various affidavits and a damage "itemization." State Farm contended its expert reports "clearly establish that the Lamp that forms the basis of this lawsuit was defective." State Farm then cited generally to two exhibits, but failed to reference a single page in the exhibits, which comprise approximately 114 pages in the record. State Farm continued its response with the following statement: "If the Defendant had any question about Plaintiffs' experts' opinions, impressions, and/or conclusions, it should have addressed those questions in a deposition, not through a No Evidence Motion for Summary Judgment. However, in an abundance of caution, Plaintiff has attached the affidavit of Lloyd D. Young . . . as further proof of the defective Lamp." Again, State Farm merely cited to the affidavit, without any page references. This affidavit and the accompanying report comprise approximately fifty-six pages in the record. State Farm's evidence on damages, again with only a citation to an exhibit and the itemization, comprises 669 pages of the record. The trial court granted Shing Wai's motion for summary judgment.

## STANDARD OF REVIEW

■ After an adequate time for discovery, a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on

which the respondent would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The burden then shifts to the respondent to produce summary judgment evidence raising a genuine issue of material fact. *Id.; see S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). "To defeat a motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX.R. CIV. P. 166a cmt.

■■■■ A no-evidence summary judgment motion is properly granted when the respondent fails to bring forth more than a scintilla of probative evidence that raises a genuine issue of material fact. *See* TEX.R. CIV. P. 166a(i); *Gomez v. Tri City Cmty. Hosp., Ltd.,* 4 S.W.3d 281, 283 (Tex.App.-San Antonio 1999, no pet.). More than a scintilla of evidence exists if the evidence would allow reasonable and fair-minded people to differ in their conclusions. *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex.2003). Less than a scintilla of evidence exists if the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.* We review a no-evidence summary judgment de novo by construing the record in the light most favorable to the respondent and disregarding all contrary evidence and inferences. *Reynosa v. Huff,* 21 S.W.3d 510, 512 (Tex.App.-San Antonio 2000, no pet.).

## EXISTENCE OF A DEFECT

Generally, strict liability, negligence, and breach of an implied warranty of merchantability are separate causes of action. *See Ford Motor Co. v. Miles,* 141 S.W.3d 309, 315 (Tex.App.-Dallas 2004, pet. denied) (considering claims for strict liability and negligence); *Otis Spunkmeyer, Inc. v. Blakely,* 30 S.W.3d 678, 690 (Tex.App.-

Dallas 2000, no pet.) (considering claims for manufacturing defect and breach of implied warranty for merchantability). Where the defect alleged is the same for purposes of all claims, the controlling issues regarding the existence of the defect are functionally identical. *See Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 665 (Tex.1999); *see also Otis Spunkmeyer, Inc.,* 30 S.W.3d at 690 ("depending on the facts of each case, whether a manufacturing defect exists for purposes of products liability often resolves whether a product was defective and, therefore, breached an implied warranty of merchantability.").

In this case, State Farm's causes of action are all premised on a single allegation: that the lamp was defective and unsafe for its intended purposes when it left Shing Wai's control. *See Hyundai,* 995 S.W.2d at 665. In its no-evidence motion, Shing Wai asserted there was no evidence "of *any* defect, and since a defect is a requisite element of the Plaintiffs' theories of recovery, Shing Wai is entitled to summary judgment with regard to all of Plaintiffs' claims." (Emphasis in original.) In its response to the motion for summary judgment, State Farm asserts, "If defendant had any question about Plaintiffs' experts' opinions, impressions, and/or conclusions, it should have addressed those questions in a deposition, not through a No Evidence Motion for Summary Judgment." State Farm contends, in its brief before this court, that had Shing Wai done so, "this case would not be on appeal." State Farm misunderstands its burden. Shing Wai's no-evidence motion for summary judgment placed the burden of production on State Farm to show legally sufficient evidence to support its claims. TEX.R. CIV. P. 166a(i). Therefore, if State Farm failed to come forward with more than a scintilla of probative evidence that raises a genuine issue of material fact on

the existence of a defect in the lamp, then Shing Wai was entitled to summary judgment on all of State Farm's causes of action.

State Farm submitted the following expert reports in its response to Shing Wai's no-evidence motion for summary judgment: (1) a report prepared by Eduardo S. Sanchez and Alfred Martinez, and (2) a report prepared by Lloyd Young. The Sanchez/Martinez report does not reach any conclusion regarding the existence of a defect, and states only that the fire was accidental and "resulted from an electrical failure of the lamp, which was sitting on a nightstand along the north wall of the master bedroom directly east of the bed." Young states in his affidavit that it is his expert opinion the lamp was defective when it left the manufacturer's control, and the lamp was defective "because an electrical failure occurred at the socket base/switch assembly, causing ignition of the cardboard type sleeve around the terminal screws of same." Attached to Young's affidavit is another fifty-four-page exhibit. Nothing in this exhibit explains how the lamp was defective. In the cover letter accompanying his report, Young states, "It is my opinion that the fire resulted from a resistive heating failure at the lamp socket/switch assembly terminal screws to which the lamp cord is attached."

■ Affidavits supporting and opposing a motion for summary judgment must set forth facts, not merely conclusions. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *see Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984). A conclusory statement is one that does not provide the underlying facts to support the conclusion, and is insufficient to create a question of fact to defeat summary judgment. *See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason,* 143 S.W.3d 794, 803 (Tex.2004); *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex.1999) (stating that expert must explain the basis of his statements to link his conclusions to the facts). Also, in determining whether the respondent successfully carried its burden, neither this court nor the trial court is required to wade through a voluminous record to marshal respondent's proof. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 81 (Tex.1989); *Blake v. Intco Invs. of Tex., Inc.,* 123 S.W.3d 521, 525 (Tex.App.-San Antonio 2003, no pet.). Thus, when presenting summary-judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *See Boeker v. Syptak,* 916 S.W.2d 59, 61 (Tex.App.-Houston [1st Dist.] 1996, no writ). Attaching entire documents to a motion for summary judgment or to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised. *See Guthrie v. Suiter,* 934 S.W.2d 820, 826 (Tex.App.-Houston [1st Dist.] 1996, no writ).

■ Young's affidavit, cover letter and exhibit are the only evidence of an alleged defect. Although State Farm referred only generally to its summary judgment proof, we have reviewed the entire record before the trial court, and we conclude Young did not provide the underlying facts to support his conclusion. Instead, the only evidence of an alleged defect is Young's statements that "an electrical failure occurred at the socket base/switch assembly" and "the fire resulted from a resistive heating failure at the lamp socket/switch assembly terminal screws to which the lamp cord is attached." These statements are conclusory and, therefore, constitute no evidence. Accordingly, we hold the trial court did not err in render-

ing summary judgment in favor of Shing Wai.[2]

## CONCLUSION

We overrule State Farm's issues on appeal and affirm the trial court's judgment.

**2.** We decline to address State Farm's remaining issues because they are not dispositive to this appeal. Tex.R.App. P. 47.1.