ACCEPTED
03-14-00529-CV
4745914
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/2/2015 1:27:13 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00529-CV

———————————————————————

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/2/2015 1:27:13 PM
JEFFREY D. KYLE
Clerk

# In the Third Court of Appeals

———————————————————————

**JEROME J. ISAAC AND MICHELLE P. ISAAC**,

*Appellants*,

**v.**

**VENDOR RESOURCE MANAGEMENT, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND CITIMORTGAGE, INC.**,

*Appellees*.

———————————————————————

*On Appeal from Cause No. 13-0472-C26*
*26th District Court, Williamson County, Texas*
*Hon. Billy Ray Stubblefield, Judge Presiding*

---

## BRIEF OF APPELLEES

---

Susan A. Kidwell
  State Bar No. 24032626
  skidwell@lockelord.com
B. David L. Foster
  State Bar No. 24031555
  dfoster@lockelord.com
John W. Ellis
  State Bar No. 24078473
  jellis@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
512-305-4700 (Telephone)
512-305-4800 (Facsimile)

Robert T. Mowrey
  State Bar No. 14607500
  rmowrey@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
214-740-8000 (Telephone)
214-740-8800 (Facsimile)

**ATTORNEYS FOR APPELLEES CITIMORTGAGE, INC.**
**AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## IDENTITY OF PARTIES AND COUNSEL

| Parties to the Proceeding: | Counsel: |
|---|---|
| Jerome J. Isaac and Michelle P. Isaac<br>*Appellants* | Michael Brinkley<br>  State Bar No. 03004300<br>  Michael@brinkleypllc.com<br>BRINKLEY LAW PLLC<br>P.O. Box 820711<br>Fort Worth, Texas 76182<br>888-511-5854 (Telephone)<br>817-284-3535 (Facsimile)<br><br>*Appellate and Trial Counsel* |
| Vendor Resource Management, Inc.<br>*Appellee* | Christopher S. Ferguson<br>  State Bar No. 24069714<br>  chris@jackoboyle.com<br>JACK O'BOYLE & ASSOCIATES<br>P.O. Box 815369<br>Dallas, Texas 75381<br>972-247-0653 (Telephone)<br>972-247-0642 (Facsimile)<br><br>*Appellate and Trial Counsel* |
| CitiMortgage, Inc. and Mortgage Electronic Registration System, Inc.<br>*Appellees* | Susan A. Kidwell<br>  State Bar No. 24032626<br>  skidwell@lockelord.com<br>600 Congress Avenue, Suite 2200<br>Austin, Texas 78701<br>512-305-4700 (Telephone)<br>512-305-4800 (Facsimile)<br><br>*Appellate Counsel* |

| Parties to the Proceeding: | Counsel: |
|---|---|
| | B. David L. Foster<br>State Bar No. 24031555<br>dfoster@lockelord.com<br>John W. Ellis<br>State Bar No. 24078473<br>jellis@lockelord.com<br>LOCKE LORD LLP<br>600 Congress Avenue, Suite 2200<br>Austin, Texas 78701<br>512-305-4700 (Telephone)<br>512-305-4800 (Facsimile)<br><br>Robert T. Mowrey<br>State Bar No. 14607500<br>rmowrey@lockelord.com<br>LOCKE LORD LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br>214-740-8000 (Telephone)<br>214-740-8800 (Facsimile)<br><br>***Appellate and Trial Counsel*** |

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ................................................................ ii

Table of Contents ................................................................................. iv

Index of Authorities ............................................................................... v

Statement Regarding Oral Argument ....................................................... viii

Statement of Facts .................................................................................. 1

Summary of the Argument ........................................................................ 5

Argument ............................................................................................... 6

I.     Summary Judgment Must Be Upheld Because Appellants Failed to Negate Each and Every Ground on which the Judgment May Have Been Rendered. ................................................................................... 6

II.    Unsupported Assertions that the Assignment Is "Void" Provide No Basis for Reversal. ............................................................................... 9

   A. Appellants lack standing to challenge the MERS assignment on grounds that the person who executed it lacked authority to sign. ............... 10

   B. Unsupported assertions are neither "sufficient evidence" nor sufficient to preserve error. .............................................................................. 12

   C. There are no other grounds for reversal. ........................................... 13

III.   Unsupported Assertions About the Substitute Trustees' Appointments Provide No Basis for Reversal. ........................................................... 18

IV.   The Trial Court's Summary Judgment Should Be Affirmed. .................. 18

Prayer ................................................................................................... 19

Certificate of Compliance ....................................................................... 21

Certificate of Service ............................................................................. 21

INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Atchley v. Chase Home Fin., LLC*,
No. 02-12-00365-CV, 2013 WL 3064444 (Tex. App.—Fort Worth June
20, 2013, no pet.) (mem. op.) ...............................................................13

*Athey v. Mortg. Elec. Registration Sys., Inc.*,
314 S.W.3d 161 (Tex. App.—Eastland 2010, pet. denied) ...............................17

*Bailey v. Bank of Am., N.A.*,
No. 02-13-00092-CV, 2014 WL 982363 (Tex. App.—Fort Worth Mar.
13, 2014, no pet.) .....................................................................13, 18

*Bierwirth v. BAC Home Loans Servicing, L.P.*,
No. 03-11-00644-CV, 2012 WL 3793190 (Tex. App.—Austin Aug. 30,
2012, pet. denied) (mem. op.) ...........................................................11, 12

*Campbell v. Mortg. Elec. Registration Sys., Inc.*,
No. 03-11-00429-CV, 2012 WL 1839357 (Tex. App.—Austin May 18,
2012, pet. denied) ..........................................................................12

*Farkas v. Aurora Loan Servs. LLC*,
No. 05-12-01095-CV, 2013 WL 6198344 (Tex. App.—Dallas Nov. 26,
2013, pet. denied) ......................................................................12, 16

*Farkas v. Mortg. Elec. Registration Sys., Inc.*,
No. 11-12-00024-CV, 2014 WL 97293 (Tex. App.—Eastland Jan. 9,
2014, pet. denied) ......................................................................12, 16

*First Am. Title Ins. Co. v. Strayhorn*,
169 S.W.3d 298 (Tex. App.—Austin 2005, no pet.) ......................................6, 8

*Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*,
190 S.W.3d 742 (Tex. App.—San Antonio 2005, no pet.) ...............................19

*Greene's Pressure Treating & Rentals, Inc. v. Fulbright & Jaworski, LLP*,
178 S.W.3d 40 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ........................17

*Liberty Mut. Ins. Co. v. Griesing*,
150 S.W.3d 640 (Tex. App.—Austin 2004, pet. dism'd w.o.j.) .......12, 13, 14, 19

*Lowery v. Bank of Am., N.A.*,
    No. 04-12-00729-CV, 2013 WL 5762227 (Tex. App.—San Antonio Oct.
    23, 2013, no pet.) ................................................................12, 13, 16

*Marsh v. JPMorgan Chase Bank, N.A.*,
    888 F. Supp. 2d 805 (W.D. Tex. 2012) ...........................................11

*Martins v. BAC Home Loan Servicing, LP*,
    722 F.3d 249 (5th Cir. 2013) ........................................................19

*Morlock, L.L.C. v. Bank of New York*,
    448 S.W.3d 514 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) ............10, 11

*Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*,
    447 S.W.3d 42 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)...............12

*Mortg. Elec. Registration Sys., Inc. v. Khyber Holdings, L.L.C.*,
    No. 01-11-00045-CV, 2012 WL 3228717 (Tex. App.—Houston [1st
    Dist.] Aug. 9, 2012, no pet.) .......................................................16

*Nobles v. Marcus*,
    533 S.W.2d 923 (Tex. 1976) ........................................................10

*Pickett v. Tex. Mut. Ins. Co.*,
    239 S.W.3d 826 (Tex. App.—2007, no pet.).......................................6

*Puricelli v. Saxon Mortg. Services, Inc.*,
    No. 05-13-00207-CV, 2014 WL 3735284 (Tex. App.—Dallas July 28,
    2014, pet. denied).....................................................................8

*Robeson v. Mortg. Elec. Registration Sys., Inc.*,
    No. 02-10-00227-CV, 2012 WL 42965 (Tex. App.—Fort Worth Jan. 5,
    2012, pet. denied)....................................................................19

*Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I*,
    331 S.W.3d 500 (Tex. App.—El Paso 2010, no pet.) ...........................8

*Roper v. CitiMortgage, Inc.*,
    No. 03-11-00887-CV, 2013 WL 6465637 (Tex. App.—Austin Nov. 27,
    2013, pet. denied)..............................................................12, 14, 15

*Star-Telegram, Inc. v. Doe*,
    915 S.W.2d 471 (Tex. 1995) .........................................................6

*Swain v. Wiley College*,
74 S.W.3d 143 (Tex. App.—Texarkana 2002, no pet.)......................................10

*Trevarthen v. New Century Mortg. Corp.*,
No. 03-12-00790-CV, 2014 WL 5801878 (Tex. App.—Austin Nov. 6,
2014, no pet.) (mem. op.)..................................................................................11

*Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*,
160 S.W.3d 657 (Tex. App.—Austin 2005)........................................................6

**STATUTES**

TEX. BUS. & COM. CODE § 26.01 .........................................................................19

TEX. BUS. & COM. CODE § 26.02 .........................................................................19

TEX. CIV. PRAC. & REM. CODE § 12.002..............................................................4

TEX. FIN. CODE § 392.001 .....................................................................................4

TEX. PROP. CODE § 51.0001(4) .....................................................................16, 17

TEX. PROP. CODE § 51.0002 ...........................................................................4, 17

**RULES**

TEX. R. APP. P. 38.1(i)............................................................................................8

TEX. R. APP. P. 38.2(a)(1)(B) ................................................................................1

TEX. R. APP. P. 44.1(a)..........................................................................................15

TEX. R. EVID. 803(6) .............................................................................................15

TEX. R. EVID. 902(10) ...........................................................................................15

## STATEMENT REGARDING ORAL ARGUMENT

Having failed to request oral argument on the cover of their brief, Appellants nevertheless state they would "welcome the opportunity . . . due to the novelty of the issues and the factual background to which the applicable law is to be applied." (Br. at 6.) To the contrary, as demonstrated below, the material facts are undisputed and the issues on appeal may be readily resolved by applying well-established principles of Texas law to the undisputed facts. Although CitiMortgage and MERS do not believe oral argument is necessary for an efficient resolution of this case, if the Court decides to hold oral argument, CitiMortgage and MERS would also like an opportunity to be heard.

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellants Jerome and Michelle Isaac failed to pay their mortgage. After a nonjudicial foreclosure, they filed the underlying lawsuit to keep possession of the property. The trial court granted a take-nothing summary judgment in favor of all Appellees, CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS"), as well as Vendor Resource Management, Inc. ("VRM").

As demonstrated below, Appellants made no attempt to negate all possible grounds for summary judgment. Instead, they premised their appeal on an unsupported assertion that the person who executed a document assigning the deed of trust from MERS to CitiMortgage's predecessor-by-merger lacked capacity to do so. Not only do Appellants lack standing to complain about the alleged lack of capacity, their unsupported assertions about the Assignment provide no basis for reversal. Consequently, nothing in their brief casts any doubt on the judgment.

## STATEMENT OF FACTS

Appellants' statement of facts only provides the dates of key pleadings. Although the facts are undisputed, a fuller statement should aid the Court in understanding the issues on appeal. Accordingly, CitiMortgage and MERS provide their own statement of facts. *See* TEX. R. APP. P. 38.2(a)(1)(B).

This case arises from a nonjudicial foreclosure sale that was conducted after Appellants failed to pay their mortgage. (CR:24-32.) In November 2001, the

Isaacs borrowed money to buy a house in Hutto, Texas (the "Property"). (CR:74-75, 79-82, 101-120). In connection with the purchase, the Isaacs executed a promissory note ("Note") and a deed of trust security instrument ("Deed of Trust"). (CR:74-75, 79-82, 101-120.)

In the event of a default, the Deed of Trust authorizes the Lender[1] to accelerate all sums secured by the security instrument, and thereafter invoke the power of sale and any other remedies permitted by applicable law. (CR:112-113.) The Deed of Trust also authorizes the Lender to "remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing." (CR:113.) Although the Deed of Trust identifies Sterling as "Lender," it also provides that its "covenants and agreements . . . shall bind . . . and benefit the successors and assigns of Lender." (CR:109.) The Deed of Trust also names "MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS" as beneficiary under the security instrument. (CR:102.) Thus, the Deed of Trust provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those

---

[1] "Lender" is defined as Sterling Capital Mortgage Company ("Sterling") in both the Note and the Deed of Trust. (CR:79, 101.)

interests, including, but not limited to, the right to foreclose and sell the Property." (CR:103.)

Soon after the Isaacs signed the Note and Deed of Trust, the servicing rights to their Loan were transferred to First Nationwide Mortgage Corporation ("First Nationwide"). (CR:74-75, 88-90.) First Nationwide, its successors and assigns, also became the mortgagee of the Isaacs' loan by virtue of an assignment ("Assignment") executed by MERS, as nominee for Sterling. (CR:127-128.) In March 2003, First Nationwide merged with CitiMortgage, and accordingly, CitiMortgage became both the mortgagee and mortgage servicer of the Loan. (CR:75, 95-97, 130-133.)

The Isaacs defaulted on their payment obligations under the loan, and, although not required under the terms of the loan, CitiMortgage and the Isaacs entered loan modification agreements in both 2007 and 2011. (CR:75, 84-86, 122-125.) Despite the modification agreements, the Isaacs again defaulted on the loan in 2012. (CR:75-76, 92-93, 172.) After CitiMortgage notified the Isaacs of their default and the Isaacs failed to cure, CitiMortgage accelerated the Note, appointed a substitute trustee, noticed the Property for nonjudicial foreclosure sale, and foreclosed on the Property. (CR:76, 92-93, 135-141, 154-163, 172-174.) CitiMortgage acquired the Property at the substitute trustee's sale and later conveyed the Property to the Secretary of Veterans Affairs. (CR:76, 139-141.)

The Isaacs filed suit against CitiMortgage, MERS, and VRM in an effort to keep possession of the Property. (CR:5-34.) In their First Amended Original Petition and Application for Temporary Restraining Order, the Isaacs alleged various claims and theories, all of which focused on unwinding the foreclosure sale and delaying eviction. (CR:23-34.) Although the Isaacs asserted multiple claims, all were premised on the same theory—that CitiMortgage was not authorized to appoint a substitute trustee or foreclose on the Property due to alleged defects in the Assignment. (CR:26-31.[2]) The Isaacs also challenged CitiMortgage's authority to foreclose by claiming "Citi which is Defendant herein is not the same party as the assignee of the Assignment." (CR:25.)

CitiMortgage and MERS moved for summary judgment, presenting multiple grounds for traditional and no-evidence summary judgment on each of the Isaacs' claims. (CR:40-313.) VRM also moved for summary judgment. (CR:314-359.) In their response briefing, the Isaacs confirmed that their claims against CitiMortgage and MERS hinged on the alleged defects in the Assignment. (CR:370.) CitiMortgage and MERS objected to documents attached to the Isaacs' summary-judgment evidence. (CR:420-431.) At the summary-judgment hearing,

---

[2] Premised on the allegedly defective Assignment, the Isaacs' Petition asserted claims against Citi and MERS for (1) violation of the Texas Debt Collection Act ("TDCA"), *see* TEX. FIN. CODE § 392.001 et seq.; (2) violation of the notice requirements of section 51.002 of the Texas Property Code; (3) breach of contract; (4) wrongful foreclosure; and (5) violation of section 12.002 of the Texas Civil Practice and Remedies Code. (CR:26-30.) The Isaacs also sought declaratory judgment and injunctive relief. (CR:29-31.)

the Court sustained the objections and struck the inadmissible evidence from the record. (CR:433.) The Court then signed a final order granting the summary-judgment motions of CitiMortgage and MERS and VRM and ordering that plaintiffs "take nothing" by their claims. (CR:432.) After the Isaacs' Motion to Vacate Judgment was overruled by operation of law, this appeal ensued. (CR:467.)

## SUMMARY OF THE ARGUMENT

Appellants struggle to raise two points of error, but they fail to negate all grounds for summary judgment. That, by itself, requires that the judgment be affirmed. Regardless, the points raised are insufficient to justify any relief from the judgment.

Both points are premised on the same unsupported assertion—that the document assigning the deed of trust is "void" because the person who signed for MERS lacked the capacity to do so. There are two fatal problems with this theory: (i) the alleged lack of capacity would only make the Assignment voidable by the parties; non-parties to the Assignment, including the Isaacs, lack standing to challenge it on that basis; and (ii) unsupported assertions about the Assignment are insufficient to preserve error.

The only other grounds for reversal may be summarily rejected. Because the judgment stands unrebutted, it should be affirmed in its entirety.

5

I.  **Summary Judgment Must Be Upheld Because Appellants Failed to Negate Each and Every Ground on which the Judgment May Have Been Rendered.**

This Court has repeatedly recognized that, "[w]hen the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 840 (Tex. App.—2007, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)); *accord First Am. Title Ins. Co. v. Strayhorn*, 169 S.W.3d 298, 303 (Tex. App.—Austin 2005, no pet.); *Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 671 (Tex. App.—Austin 2005). If the appellant fails to meet this burden, "the summary judgment must be affirmed." *Voice of the Cornerstone*, 160 S.W.3d at 671. Such is the case here.

CitiMortgage and MERS raised multiple grounds for traditional and no-evidence summary judgment, including:

- All of the Isaacs' claims fail, as a matter of law, because the Isaacs are neither parties to nor beneficiaries of the Assignment and lack standing to challenge it. (CR:44-47.)

- Even if the Isaacs could establish standing, all of their claims would fail, as a matter of law, because the "summary judgment evidence conclusively establishes that (1) Citi had authority to foreclose pursuant to the terms of the Deed of Trust, and (2) the February 5, 2013 nonjudicial foreclosure complied with Texas law." (CR:44, 47-54.)

- The Isaacs' fraudulent-lien claim fails, as a matter of law, because "[the Isaacs] have not identified a fraudulent lien or claim," and CitiMortgage's use of an assignment for business purposes following the Isaacs' default cannot support the injury element necessary for their claim. (CR:55-58.)

- The Isaacs' Texas Debt Collection Act claim fails, as a matter of law, because the Isaacs only complain about threats of foreclosure, which are expressly allowed by the TDCA, and because the TDCA claim is barred by the economic loss rule. (CR:58-60).

- The Isaacs' claims based on the Property Code fail, as a matter of law, because the summary judgment evidence conclusively establishes that all required notices were sent. (CR:60.)

- The Isaacs' breach-of-contract claim fails, as a matter of law, because they did not identify any provision of the Loan agreement that CitiMortgage breached, any breach by CitiMortgage was excused by the Isaacs' prior material breach, and the Isaacs cannot enforce an agreement to which they are not parties. (CR:60-64.)

- The Isaacs' wrongful-foreclosure claim fails, as a matter of law, because the Isaacs are still in possession, there was no defect in the foreclosure proceedings, and the sale price for the property was, as a matter of law, not "grossly inadequate." (CR:64-67.)

- All of the Isaacs' claims fail, as a matter of law, because there is *no evidence* that CitiMortgage's or MERS's conduct caused damages. (CR:69-70.)

- The Isaacs' claim to set aside the foreclosure sale fails, as a matter of law, because there is *no evidence* that the Isaacs tendered, attempted to tender, or had the financial capability to tender the amount due on the loan. (CR:70.)

- The Isaacs' TDCA claim fails, as a matter of law, because there is *no evidence* that CitiMortgage or MERS acted as a debt collector and engaged in any conduct that violated the TDCA. (CR:70.)

7

The trial court granted the CitiMortgage-MERS motion without specifying a particular ground. (CR:432.)

On appeal, the Isaacs repeatedly assert that MERS lacked authority to assign the Deed of Trust and, therefore, the Assignment—and all subsequent acts based on the Assignment—were void. (*See* Br. at 9-15, 17, 22-25.) But the Isaacs do not make any argument or cite any authorities to explain how they have *standing* to challenge the validity of an assignment to which they are neither parties nor beneficiaries.[3] They also fail to provide any argument to negate the remaining grounds for traditional summary judgment. Nor do they make any attempt to show that they presented sufficient evidence to survive the no-evidence grounds.

In short, the Isaacs fail to mention—much less negate—"each ground on which summary judgment may have been rendered." *See First Am. Title*, 169 S.W.3d at 303. For this reason alone, the summary judgment should be affirmed. *See id.*; *see also Puricelli v. Saxon Mortg. Services, Inc.*, No. 05-13-00207-CV, 2014 WL 3735284, at *4 (Tex. App.—Dallas July 28, 2014, pet. denied)

---

[3] Rule 38.1(i) of of the Texas Rules of Appellate Procedure requires an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Because the majority of the Isaacs' brief appears to have been copied directly from their summary-judgment response in the trial court (*compare* Br. at 9-25, *with* CR:372-89), their argument contains no citations to the appellate record. When, as here, a brief fails to comply with the requirements of Rule 38.1(i), a party waives the appellate points intended for the court's consideration. *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I,* 331 S.W.3d 500, 509 (Tex. App.—El Paso 2010, no pet.).

(overruling point of error challenging assignment of deed of trust because appellant failed to challenge "all possible grounds upon which summary judgment could have been granted").

## II.   Unsupported Assertions that the Assignment Is "Void" Provide No Basis for Reversal.

Appellants' first point of error hinges on an oft-repeated attack on a MERS's assignment, which Appellants' claim is "void." (*See* Br. at 9-15, 17, 22-25.) From that unsubstantiated premise, Appellants contend that "all Acts flowing from and after the Assignment"—including CitiMortgage's appointment of a substitute trustee and the foreclosure sale—are also "void." (*Id*. at 12-15.) The "invalid assignment" theory provides the basis for virtually all of the arguments advanced on appeal.[4] But it has two fundamental problems: (i) Appellants lack standing to challenge the Assignment; and (ii) unsupported assertions are not "sufficient evidence" to withstand summary judgment.

---

[4] This overplayed theme permeates Appellants' brief. For example, Appellants challenge the judgment on their fraudulent lien claim based on the alleged "absence of apparent capacity on the part of the persons executing the Assignment." (Br. at 11.) Similarly, they contend Citi and MERS violated the Texas Debt Collection Act because "there was no proper Assignment to Citi, hence no proper appointment of substitute trustees by Citi." (*Id*. at 13.) Appellants also contend the trial court erred in denying injunctive relief "since there is a complete lack of authority for all acts since the Assignment." (*Id*. at 14.) Finally, they claim they demonstrated their right to damages based on "the clear absence of authority for the various persons to act for MERS (as to the Assignment)." (*Id*.)

**A. Appellants lack standing to challenge the MERS assignment on grounds that the person who executed it lacked authority to sign.**

Appellants ignore the threshold issue—their lack of standing to challenge the Assignment. For good reason. Lack of standing is another basis on which the trial court's judgment may be affirmed.

Although Appellants contend that the Assignment is "void," the only apparent basis for that contention is an assertion that the person who executed the Assignment for MERS lacked the "capacity" or "authority" to do so. (*See* Br. at 11-12.) That foundational assertion is unsupported by competent evidence. Regardless, a signatory's lack of capacity to execute an instrument only makes the instrument *voidable* by the parties to it.[5] *See Nobles v. Marcus*, 533 S.W.2d 923, 926-27 (Tex. 1976); *see also Swain v. Wiley College*, 74 S.W.3d 143, 146-51 (Tex. App.—Texarkana 2002, no pet.) (alleged unauthorized actions of corporate officers or board members were voidable, not void).

"'When someone without authorization signs a conveyance on behalf of a grantor corporation, the cause of action for fraud to set aside the assignment belongs to the grantor,' and '[a] plaintiff who is not a party to an assignment *lacks standing* to challenge the assignment on grounds which render it *merely voidable*

---

[5] Neither of the parties to the Assignment makes any such claim. To the contrary, the parties to the Assignment—MERS and CitiMortgage as successor-by-merger to First Nationwide—have confirmed and ratified it by proceeding with nonjudicial foreclosure and defending the Assignment throughout these proceedings.

at the election of one of the parties.'" *Trevarthen v. New Century Mortg. Corp.*, No. 03-12-00790-CV, 2014 WL 5801878, at \*4 (Tex. App.—Austin Nov. 6, 2014, no pet.) (mem. op.) (quoting *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. filed)) (emphasis added). Applying these principles, courts "have held that a mortgagor lacks standing to challenge the assignment of a deed of trust based on the assignment signatory's alleged lack of authority." *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 809 (W.D. Tex. 2012)[6]; *see also Trevarthen*, 2014 WL 5801878, at \*4; *Morlock*, 448 S.W.3d at 517.

These authorities deprive Appellants of standing to make the argument that serves as the foundation for their entire appeal. As non-parties to the Assignment, Appellants lack standing to challenge it on the ground that one of the signatories lacked capacity to execute the document. Appellants present no argument to the contrary. Nor could they explain how something that, if established, would only amount to a voidable defect renders the Assignment "void." This fatal jurisdictional defect condemns their appeal.

---

[6] As this Court has recognized: "Federal authority is persuasive here because a great amount of home-mortgage litigation in Texas is tried in its federal courts, applying Texas foreclosure law." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at \*1 n.3 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.).

11

**B.** **Unsupported assertions are neither "sufficient evidence" nor sufficient to preserve error.**

Even if Appellants could challenge the Assignment, "[b]are assertions of error, without citations to authority, waive error." *See Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.). That principle dooms the Isaacs' appeal.

There is no competent evidence that MERS lacked authority to assign the Deed of Trust. To the contrary, the Deed of Trust expressly defines MERS and its successors and assigns as beneficiary, and it grants MERS, among other things, the right foreclose and sell the Property. (CR:101-103.) Thus, as Texas courts have uniformly held, MERS has "the authority to transfer the rights and interests in the deed of trust." *See Roper*, 2013 WL 6465637, at *8.[7]

Appellants do not appear to directly contest that principle. Instead, they base their allegations about the "void" Assignment on another assertion—that "Ms. Thorp [the signatory for MERS] did not have authority to execute the Assignment. (Br. at 12.) However, the only "evidence" cited in support of that assertion is a

---

[7] *Accord Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 46 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Farkas v. Mortg. Elec. Registration Sys., Inc.*, No. 11-12-00024-CV, 2014 WL 97293, at *3 (Tex. App.—Eastland Jan. 9, 2014, pet. denied); *Farkas v. Aurora Loan Servs. LLC*, No. 05-12-01095-CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, pet. denied); *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *2 (Tex. App.—San Antonio Oct. 23, 2013, no pet.); *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, pet. denied); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, at *5 (Tex. App.—Austin May 18, 2012, pet. denied) (all involving valid assignments by MERS).

purported letter from the Ohio Secretary of State and excerpts from a deposition taken in an unrelated proceeding. (*See* Br. at 12.) Appellants fail to mention that Citi and MERS objected to that "evidence" on several grounds that were sustained by the trial court. (CR:420-431, 433.)

Appellants make no argument challenging the trial court's decision to sustain the objections to that "evidence." Nor could they. Texas courts have consistently held that analogous evidence is legally insufficient to show that a MERS signatory lacked authority to assign a deed of trust on behalf of MERS. *See, e.g.*, *Bailey v. Bank of Am., N.A.*, No. 02-13-00092-CV, 2014 WL 982363, at *4 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.); *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *2-3 (Tex. App.—San Antonio Oct. 23, 2013, no pet.) (mem. op.); *Atchley v. Chase Home Fin., LLC*, No. 02-12-00365-CV, 2013 WL 3064444, at *2 (Tex. App.—Fort Worth June 20, 2013, no pet.) (mem. op.).

*To sum up*: Stricken evidence is no evidence, and bare assertions of error are no basis for relief on appeal. *See Liberty Mut.*, 150 S.W.3d at 648. Because the appeal is premised on a false foundation, it collapses like a house of cards.

## C. There are no other grounds for reversal.

In complaining about the "void" Assignment, Appellants appear to raise two other issues. Neither provides any basis for relief.

13

### 1. The declaration of Travis Nurse is competent summary-judgment evidence.

As in the trial court, the Isaacs contend that CitiMortgage and MERS "were not entitled to summary judgment" because "the Declaration of Travis Nurse (Exhibit A to the Citi-MERS MSJ) is insufficient as summary judgment evidence." (*Compare* Br. at 10, *with* CR:73-77.) But Appellants never obtained a ruling on their objections below. And they do not provide this Court with any argument or authorities to support their evidentiary challenges on appeal. (*See* Br. at 10.) Bare assertions about unpreserved points of error provide no basis for review. *See Liberty Mut.*, 150 S.W.3d at 648. This is even more true when, as here, the assertions have no basis in fact or law.

Nurse's declaration states that the facts recited therein are based on personal knowledge obtained as a custodian of records for CitiMortgage and through his personal review of CitiMortgage's records regarding the Isaacs' loan. (CR:74.) Appellants' complaint about Nurse's "lack of personal knowledge" is, thus, directly contracted by the record. It is also contrary to this Court's precedent. *See Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at *11 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (rejecting similar challenge to custodian of records' personal knowledge of the borrower's loan records).

As a matter of law, "[t]he rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their

14

creator, be an employee of the same company as the creator, or have personal knowledge of the contents of the record-personal knowledge of how the documents were prepared will suffice." *Id.* (citations omitted). Like the witness in *Roper*, Nurse avers under penalty of perjury that he is a custodian of records for CitiMortgage and that CitiMortgage kept the records attached to his declaration in the regular course of business. (CR:74-77.) That is sufficient to satisfy the rules of evidence. *See* TEX. R. EVID. 803(6), 902(10); *Roper*, 2013 WL 6465637, at *11.

Moreover, even if Appellants' challenges to unidentified aspects of the Nurse declaration were properly preserved for appeal, Appellants do not, and cannot, demonstrate that the trial court's failure to strike portions of the Nurse declaration would constitute harmful error. Each of Appellants' issues on appeal turns on their challenges to the capacity of the signatory to the Assignment. (*See* Br. at 9-15, 17, 22-25.) The business records attached to the Nurse declaration have no bearing on such challenges. And, even if the trial court struck statements in the Nurse declaration, the trial court still could have concluded from the business records attached to the Nurse declaration and other competent evidence in the record that CitiMortgage had authority to foreclose as both the statutory mortgagee and mortgage servicer. *See Roper*, 2013 WL 6465637, at *13. Thus, the trial court's failure to exclude unidentified statements from Nurse's declaration would not be harmful error. *See* TEX. R. APP. P. 44.1(a).

15

For either or both reasons, Appellants' complaints about the summary-judgment evidence provide no basis for relief.

### 2. CitiMortgage is not required to prove it held the Note to enforce the Deed of Trust through nonjudicial foreclosure.

Appellants are also wrong in asserting that the "Owner or Holder Status is Certainly Required to be a Mortgagee." (Br. at 15.)

Section 51.0001 of the Texas Property Code—enacted in 2003—defines the term "mortgagee" (the party entitled to foreclose) as follows: "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE § 51.0001(4). None of these categories is based on ownership or possession of the note. Instead, each relates to the "security interest"—the deed of trust. *See id.* That is why Texas courts have consistently rejected arguments that a party must establish it holds the underlying note in order to foreclose.[8] The discredited "show-me-the note" theory provides no basis for reversal.

---

[8] *See, e.g.*, *Farkas*, 2014 WL 97293, at *3 (holding that, "[b]ecause Wells Fargo was the mortgagee by statute, it was entitled to enforce the deed of trust and, thus, begin nonjudicial foreclosure proceedings"); *Farkas*, 2013 WL 6198344, at *4 (holding that loan servicer "was not required to also hold the note before it could non-judicially foreclose"); *Lowery*, 2013 WL 5762227, at *2 (holding that "a deed of trust may be enforced by the mortgagee, regardless of whether the mortgagee also holds the note"); *Mortg. Elec. Registration Sys., Inc. v. Khyber Holdings, L.L.C.*, No. 01-11-00045-CV, 2012 WL 3228717, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.) (recognizing that "the fact that a party 'asserting an interest' under the deed of trust does not possess the corresponding note does not invalidate the deed of trust,

The summary-judgment evidence conclusively establishes that CitiMortgage was the mortgagee at the time of foreclosure. Soon after the Deed of Trust was recorded, MERS, as nominee for Sterling and its successor and assigns, assigned the original lender's interest in the Deed of Trust to "First Nationwide Corporation, its successors and assigns." (CR:127-128.) Subsequently, First Nationwide merged with CitiMortgage in March 2003. (CR:75, 95-97, 130-133.) "In a merger, the successor organization stands in the shoes of prior management and continues the operations of the prior entity. . . ." *Greene's Pressure Treating & Rentals, Inc. v. Fulbright & Jaworski, LLP*, 178 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2005, no pet.). By virtue of the Assignment and merger, CitiMortgage stepped in First Nationwide's shoes as mortgagee. Moreover, through multiple loan modification agreements executed by the Isaacs and CitiMortgage after the merger, the Isaacs repeatedly affirmed CitiMortgage's status as "Lender" under the terms of the loan. (CR:75, 84-88, 122-125.) Thus, CitiMortgage, as successor-by-merger to First Nationwide had authority to enforce the Deed of Trust's terms through nonjudicial foreclosure. *See* TEX. PROP. CODE §§ 51.0001(4), 51.002.

which is enforceable according to its terms"); *Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied) (holding that, even though another party was "owner and holder of the note," the deed of trust clearly entitled MERS to proceed with nonjudicial foreclosure).

## III. Unsupported Assertions About the Substitute Trustees' Appointments Provide No Basis for Reversal.

Appellants' second issue is simply an extension of their flawed challenges to the MERS assignment. In short, Appellants contend that, because the Assignment was invalid, CitiMortgage lacked authority to appoint the substitute trustee who conducted the foreclosure sale. (*See* Br. at 7, 22-25.)

The Fort Worth Court of Appeals recently rejected virtually identical arguments by borrowers who, like the Isaacs, were attempting to set aside a foreclosure sale. *Bailey v. Bank of Am., N.A.*, No. 02-13-00092-CV, 2014 WL 982363, at *4 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.). Recognizing the derivative nature of the borrowers' complaints about the substitute trustee's appointment, the court held:

> Because the [borrowers'] contentions about the validity of the substitute trustee appointments and notices of acceleration and foreclosure are based on their argument that [the signatory] lacked authority to execute documents on behalf of MERS, those arguments also fail.

*Id.* (internal footnote omitted). The same holding applies to this case. Because Appellants' second point is based on their contention that the MERS assignment was invalid, it fails for the same reasons that condemn their first point. *See id.*

## IV. The Trial Court's Summary Judgment Should Be Affirmed.

Appellants' repeated assertion that the Assignment and all subsequent acts are "void" is unsupported by the record and contrary to the law. Because that

baseless assertion is the foundation for all of Appellants' arguments on appeal, the Court should affirm the trial court's judgment in its entirety.[9] *See Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) ("hold[ing] that the trial court did not err by granting summary judgment on Robeson's breach of contract and negligence claims, which are based entirely on her argument that MidFirst lacked the capacity to enforce the terms of the note and deed of trust, as well as the parts of her TDCA, DTPA, and wrongful foreclosure claims that are based on the same argument").

## PRAYER

For the reasons stated above, Appellees CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. pray that this Court affirm the trial court's judgment in its entirety. Appellees also pray that the costs of this appeal be taxed

---

[9] Appellants' brief also includes unsupported assertions that the summary-judgment evidence includes "conflicting evidence as to representations," which render summary judgment inappropriate. (*See* Br. at 18-19.) But Appellants do not, and cannot, cite to any evidence in the record that supports their unsubstantiated claims. Bare assertions do not support any claim on appeal, *see Liberty Mut.*, 150 S.W.3d at 648, and "neither this court nor the trial court is required to wade through a voluminous record to marshal respondent's proof." *Gonzales v. Shing Wai Brass & Metal Wares Factory, Ltd.*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.). Even if there were evidence of reliance on "misrepresentations by Citi," such representations are not tied to any specific cause of action, and they would have no bearing on any of the issues on appeal. (*See* CR:26-33). Furthermore, any claim premised on purported oral representations regarding the loan documents and any modification documents post-sale are barred by the statute of frauds. *See, e.g.*, TEX. BUS. COM. CODE §§ 26.01, 26.02; *Martins v. BAC Home Loan Servicing, LP*, 722 F.3d 249, 257 (5th Cir. 2013).

to Appellants and that the Court award Appellees any additional relief to which they may be entitled.

Respectfully submitted,

**LOCKE LORD LLP**

By: /s/ Susan A. Kidwell
    Susan A. Kidwell
     State Bar No. 24032626
     skidwell@lockelord.com
    B. David L. Foster
     State Bar No. 24031555
     dfoster@lockelord.com
    John W. Ellis
     State Bar No. 24078473
     jellis@lockelord.com
    LOCKE LORD LLP
    600 Congress Avenue, Suite 2200
    Austin, Texas 78701
    Telephone: (512) 305-4700
    Facsimile: (512) 305-4800

    Robert T. Mowrey
     State Bar No. 14607500
     rmowrey@lockelord.com
    LOCKE LORD LLP
    2200 Ross Avenue, Suite 2200
    Dallas, Texas 75201
    Telephone: (214) 740-8000
    Facsimile: (214) 740-8800

    **COUNSEL FOR CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief of Appellees contains 4,910 words (excluding the sections excepted under Texas Rule of Appellate Procedure 9.4(i)(1)).

/s/ Susan A. Kidwell

Susan A. Kidwell

## CERTIFICATE OF SERVICE

I certify that on April 2, 2015 a true and correct copy of the foregoing was served by EfileTx.gov upon the following:

Mr. Michael Brinkley
michael@brinkleypllc.com
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182
**Counsel for Michelle P. Isaac and Jerome J. Isaac**

Christopher S. Ferguson
chris@jackoboyle.com
JACK O'BOYLE & ASSOCIATES
P. O. Box 815369
Dallas, Texas 75381
**Counsel for Vendor Resource Management, Inc.**

/s/ Susan A. Kidwell

Susan A. Kidwell

21