

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00907-CV

Aundria **HINOJOSA** and Florencio Hinojosa, V, Individually as Wrongful Death Beneficiaries of Florencio Hinojosa, VI, Deceased and on Behalf of the Estate of Florencio Hinojosa, VI, Deceased,
Appellants

v.

Sophia Anita **KOEN**, M.D.; Sophia A. Koen, M.D., P.A.; and Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Alice,
Appellees

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-07-54935-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: November 6, 2019

AFFIRMED

Aundria and Florencio Hinojosa (the "Hinojosas") appeal a no-evidence summary judgment granted in favor of Sophia Anita Koen M.D. and Sophia A. Koen M.D., P.A. (the "Koen Defendants") and Christus Spohn Health System Corporation d/b/a Christus Spohn Hospital Alice ("Christus"). We affirm the trial court's judgment.

**BACKGROUND**

The Hinojosas, as surviving parents, filed a health care liability action against the Koen Defendants and Christus, alleging the Koen Defendants were negligent in the care and treatment of their son, Florencio Hinojosa VI, through the acts and omissions of Dr. Koen. They alleged Christus, acting through its agents, employees, and hospital staff, including Dr. Koen, was negligent in the care and treatment of their son. The Hinojosas further alleged the negligence of the Koen Defendants and Christus proximately caused their injuries and damages.

The Koen Defendants and Christus separately moved for no-evidence summary judgment, requiring the Hinojosas to produce evidence that the Koen Defendants were willfully and wantonly negligent[1] and, in the alternative, that the Koen Defendants engaged in ordinary negligence, that is, breached an applicable standard of care and the breach proximately caused the Hinojosas' injuries. Christus also moved for no-evidence summary judgment on the basis that Dr. Koen was not an actual or ostensible agent or employee of Christus. The Hinojosas filed a single response to the no-evidence summary judgment motions and attached the following exhibits: the written report of Terrance Baker M.D. and the depositions of Aundria Hinojosa, Florencio Hinojosa V, Sophia Anita Koen M.D., Heather Gibson Elizondo R.N., and Kimberly Morris R.N. Additionally, the Hinojosas filed a motion for late designation of Dr. Baker as an expert, which was granted by the trial court.

---

[1] Section 74.153 of the Texas Civil Practice and Remedies Code codifies the proof required to show a departure from the standard of care in a health care liability claim against a physician or health care provider for injury to or death of a patient arising out of the provision of emergency medical care in a hospital emergency department. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.153. The claimant bringing the suit may prove the physician or health care provider departed from accepted standards of medical care or health care "only if the claimant shows by a preponderance of the evidence that the physician or health care provider, with willful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances." *Id*.

The Koen Defendants and Christus lodged some of the same objections to the Hinojosas' summary judgment evidence. Both the Koen Defendants and Christus objected to Dr. Baker's report on the ground that it was improper summary judgment evidence because it was unsworn, and both objected to the remaining summary judgment evidence on the ground that the Hinojosas' response failed to specifically identify the portions of the summary judgment evidence that they were relying on to support their claims.

The trial court sustained all the Koen Defendants and Christus's objections to the Hinojosas' summary judgment evidence, except objections that Dr. Baker was not timely designated as an expert.[2] The trial court granted the no-evidence summary judgment motions. The Hinojosas appealed.

### ISSUES PRESENTED

The Hinojosas present two issues on appeal. In their first issue, the Hinojosas contend the trial court erred by granting no-evidence summary judgment against them because the evidence they submitted raised genuine issues of material fact as to the elements of their medical negligence claims. In their second issue, the Hinojosas contend the trial court erred in sustaining some of the Koen Defendants and Christus's objections to the summary judgment evidence and in excluding this evidence from the summary judgment record.

Before determining if the trial court erred in granting no-evidence summary judgment, we determine if the trial court erred in excluding evidence from the summary judgment record.

### EVIDENTIARY RULINGS

On appeal, the Hinojosas present two complaints about the trial court's evidentiary rulings. First, the Hinojosas argue the trial court erred in excluding Dr. Baker's written report because it

---

[2]The trial court granted the Hinojosas' motion for late designation of Dr. Baker as an expert thus negating the objections that Dr. Baker was not properly designated as an expert.

qualified as an unsworn declaration which may be used in lieu of a sworn affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. Second, the Hinojosas argue the trial court erred in excluding their summary judgment evidence because it was not so voluminous as to require precise page references.

As an initial matter, we note the trial court sustained multiple objections to virtually every item of evidence submitted by the Hinojosas. To the extent the Hinojosas fail to challenge every possible basis for excluding a particular item of evidence, they have waived their complaint about the exclusion of that item of evidence on appeal. "[W]hen an appellee urges several objections to a particular piece of evidence and, on appeal, the appellant complains of its exclusion on only one of those bases, the appellant has waived that issue for appeal because he has not challenged all possible grounds for the trial court's ruling . . . ." *E-Learning LLC v. AT & T Corp.*, 517 S.W.3d 849, 857 (Tex. App.—San Antonio 2017, no pet.) (quoting *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.)).

We review a trial court's ruling on objections to summary judgment evidence for an abuse of discretion. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (per curiam). A trial court abuses its discretion if its ruling is arbitrary or unreasonable or without reference to any guiding rules or principles. *Id*.

### Dr. Baker's Written Report

Both the Koen Defendants and Christus objected to Dr. Baker's report on the ground that it was not proper summary judgment evidence because unsworn documents, not supported by any affidavit, are not entitled to consideration as summary judgment evidence. "Documents submitted as summary judgment proof must be sworn to or certified." *Mackey v. Great Lakes Inv., Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied); TEX. R. CIV. P. 166a(f). "Unauthenticated or unsworn documents not supported by any affidavit, are not entitled to

consideration as summary judgment evidence." *Llopa v. Nagel*, 956 S.W.3d 83, 87 (Tex. App.—San Antonio 1997, pet. denied).

The Hinojosas argue the trial court should have overruled the unsworn document objections to Dr. Baker's written report because the document qualified as an unsworn declaration under section 132.001 of the Texas Civil Practice and Remedies Code. Section 132.001 provides that an unsworn declaration may be used "in lieu of a written sworn declaration, verification, certification, oath, or affidavit." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. However, Dr. Baker's written report does not qualify as an unsworn declaration because it does not satisfy the statute's requirements. Section 132.001 requires an unsworn declaration to be "subscribed by the person making the declaration as true under penalty of perjury" and to include a jurat which "declare[s] under penalty of perjury that the foregoing is true and correct." *See id.* § 132.001(c)(2),(d). Dr. Baker's written report fails to state that it was made under penalty of perjury and fails to include a jurat. We conclude that Dr. Baker's written report does not constitute an unsworn declaration under section 132.001. Therefore, the trial court did not abuse its discretion in sustaining the Koen Defendants and Christus's objections that Dr. Baker's written report was improper summary judgment evidence because it was an unsworn document.

The Depositions

Next, we consider the Hinojosas' contention that the trial court abused its discretion in excluding the depositions attached to their response because the depositions were not so voluminous as to require them to provide precise page identification in their summary judgment response. The Koen Defendants objected to the depositions attached to the Hinojosas' response on the basis that the Hinojosas failed to specifically identify the portions of the depositions upon which they relied to support their claims. Christus also objected to each deposition on the basis that the entirety of each deposition was attached to the response without any indication as to what

specific testimony the Hinojosas were relying on as summary judgment evidence. On appeal, the Hinojosas argue the depositions were not so voluminous as to require precise page references.

When presenting summary judgment evidence, a party must identify the supporting proof that it intends the trial court to consider. *Gonzales v. Shing Wai Brass & Metal Wares Factory*, 190 S.W.3d 742, 746 (Tex. App.—San Antonio 2005, no pet.); *see Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). "Attaching entire documents to a motion for summary judgment or to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised." *Gonzales*, 190 S.W.3d at 746. General references to the summary judgment record are inadequate to meet the party's evidentiary burden. *Id.*; *see Am. Dream Team, Inc. v. Citizens State Bank*, 481 S.W.3d 725, 731 (Tex. App.—Tyler 2015, pet. denied). "When a summary judgment respondent fails to direct the [trial] court to specific summary judgment evidence, a fact issue cannot be raised sufficient to defeat summary judgment." *Leija v. Laredo Cmty. Coll.*, No. 04-10-00410-CV, 2011 WL 1499440, at *5 (Tex. App.—San Antonio, Apr. 20, 2011, no pet.) (mem. op.). A trial court is not required to wade through the record to marshal a party's proof. *Gonzales*, 190 S.W.3d at 746.

Here, the Hinojosas attached five depositions totaling approximately 284 pages to their summary judgment response. Although the Hinojosas generally referred to the depositions by exhibit number when describing the facts of the case in their response, they did not cite to any page numbers or line numbers, nor did they specify any particular portions of any particular deposition to demonstrate what evidence they were relying on to support the elements of their medical negligence claims. When referring to evidence in their response the Hinojosas broadly stated, "[t]he evidence attached hereto shows that Defendants breached the standard of care and caused injury to Plaintiff[s] . . . . [G]enuine issues of fact exist that Defendant[s] breached the standard of

care and proximately caused injury to Plaintiff[s]." The trial court was not obligated to sift through hundreds of pages of summary judgment evidence to search for evidence supporting the elements of the Hinojosas' claims. *Id*. Therefore, the trial court did not abuse its discretion by excluding the portions of the Hinojosas' summary judgment evidence that were not specifically cited in their summary judgment response.

We overrule the Hinojosas' second issue.

### NO-EVIDENCE SUMMARY JUDGMENT

In their first issue, the Hinojosas argue the trial court erred in granting the no-evidence summary judgment motions. We review the trial court's grant of a no-evidence summary judgment de novo. *Cmty. Health Sys. Prof'l Serv. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). We review a no-evidence summary judgment using the well-established legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see* TEX. R. CIV. P. 166a(i).

We have already concluded above that the trial court did not abuse its discretion by sustaining the Koen Defendants and Christus's objections and excluding the Hinojosas' summary judgment evidence. Therefore, the Hinojosas brought forth no summary judgment evidence to raise an issue of material fact on the challenged elements of their claims. Accordingly, the trial court did not err by granting no-evidence summary judgment in favor of the Koen Defendants and Christus. *See* TEX. R. CIV. P. 166a(i) (stating a trial court "must grant the [no-evidence summary judgment] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.").

We overrule the Hinojosas' first issue.

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

Irene Rios, Justice