

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00110-CV

IN RE A PURPORTED LIEN OR
CLAIM AGAINST HAI QUANG LA
AND THERESA THORN NGUYEN

----------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Bernadotte Loomis appeals from the trial court's order granting a "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim" filed under section 51.903 of the Texas Government Code by Hai Quang La and Theresa Thorn Nguyen. *See* Tex. Gov't Code Ann. § 51.903 (West 2013). Because we conclude the trial court erred in applying section 51.903 of the government code to restrictive covenants, we reverse the trial court's order and dismiss the underlying motion.

**Background**

La and Nguyen, home owners in the Carson Ranch Estates-Phase I (Carson Ranch Estates), filed a verified motion under section 51.903 of the Texas Government Code seeking a judicial determination that a certain document filed in the Tarrant County real property records and impacting the Carson Ranch Estates was a fraudulent lien or claim that should not be accorded any status. *See id.* La and Nguyen attached the document at issue to their motion—a six page document entitled "Reservations, Restrictions and Covenants" (restrictive covenants). They alleged that because the restrictive covenants was not signed by the true owner of the property, West Comm. Investments, LP, and because the document lacked a notary's signature on the acknowledgment, the document was fraudulent as defined by Texas Government Code section 51.901(c)(2). *See id.* § 51.901(c)(2) (West 2013). La and Nguyen asked the trial judge to conduct an ex parte review of the documents attached to their motion and to enter a proposed order styled "Finding of Facts and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim." *See id.* §51.903(c). The Honorable J. Wade Birdwell did enter the proposed order after a review of the motion and the attached documents.[1]

---

[1]Judge Birdwell's order includes the following findings:
> The documentation or instrument attached as Exhibit B to the motion and hereto, herein is asserted against real property and:

Thirty-one days later, Loomis, also a home owner in Carson Ranch Estates, filed a plea in intervention, a motion to set aside or vacate findings of facts and conclusions of law, and a motion for new trial alleging that the trial court's order improperly took her property rights without due process. Loomis

(1) IS NOT provided for by specific state or federal statutes or constitutional provisions, as not signed by the notary public as requested by Section 121.004(b)(2) of the Tex. Civ. Prac. & Rem. Codes;

(2) IS NOT created by implied or express consent or agreement of the Movants/Owners of the real property, required under the law of this state or by implied or express consent or agreement of an agent, fiduciary, or other representative of the Movants/Owners;

(3) IS NOT an equitable, constructive, or other lien imposed by a court of competent jurisdiction created by or established under the constitution or laws of this state or the United States; or

(4) IS NOT asserted against real property or an interest in real property. There is no valid lien or claim created by this documentation or instrument.

This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act. The county clerk shall file this finding of fact and conclusion of law in the same class of records as the subject documentation or instrument was originally filed, and the court directs the county clerk to index it using the same names that were used in indexing the subject documentation or instrument.

3

further argued that the issues presented by La and Nguyen in their ex parte motion were the identical issues pending since 2012 in a different suit in another Tarrant County district court.

Judge Birdwell held a hearing on Loomis's motions. At that hearing he stated that he had set the hearing "primarily to make a record for purposes of what I'm anticipating will be an appeal in this case." Judge Birdwell also stated that at the time that he entered his finding of facts and conclusions of law, he had not been advised and was not aware that litigation involving the same property was pending in another district court. Judge Birdwell then noted that he lacked jurisdiction to rule on Loomis's motions because they were filed after his judgment had become final. This appeal followed.

**Standing**

As an initial matter, La and Nguyen challenge Loomis's standing to bring this appeal. Their sole argument is that the Court's ruling does not affect Loomis's property rights. Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Standing requires "a real controversy between the parties" that "will be actually determined by the judicial declaration sought." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Tex. Ass'n. of Bus.*, 852 S.W.2d at 446. A determination of standing focuses on whether a party has a "justiciable interest" in the outcome of the lawsuit, such as when it is personally aggrieved or

4

has an enforceable right or interest. *Lovato*, 171 S.W.3d at 849. Standing is a legal question reviewed de novo. *Heckman v. Williamson Cnty*, 369 S.W.3d 137, 150 (Tex. 2012).

Generally, any person whose property was intended to benefit under a restrictive covenant has standing to bring a suit to enforce the covenant. *Anderson v. New Prop. Owners' Ass'n of Newport, Inc.*, 122 S.W.3d 378, 384 (Tex. App.—Texarkana 2003, pet. denied). In cases where many property owners have an interest in the restrictive covenant, any one of them can enforce it. *See Ski Masters of Tex., LLC v. Heinemeyer*, 269 S.W.3d 662, 667–68 (Tex. App.—San Antonio 2008, no pet.); *Giles v. Cardenas*, 697 S.W.2d 422, 427 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

Here, La and Nguyen sought by their ex parte motion for judicial review to have the restrictive covenants governing the Carson Ranch Estates declared fraudulent. As a property owner in the Carson Ranch Estates, subject to the same restrictive covenants, Loomis clearly has standing to defend against such action. *See Ski Masters*, 269 S.W.3d at 668. Therefore, we now proceed to consider the merits of Loomis's issues on appeal.

**Standard of Review**

A trial court may determine whether a challenged document or instrument under section 51.903 is "fraudulent" based "solely on a review of the documentation or instrument attached to the motion and without hearing any testimonial evidence." Tex. Gov't Code Ann. § 51.903(c). Here, the trial court

5

considered only the documents attached by La and Nguyen to their motion for judicial review in deciding whether the restrictive covenants were fraudulent as that is defined in section 51.901(c)(2). *See id.* § 51.901(c)(2). Where facts are undisputed, the question of whether something meets a statutory definition is a question of law that we review de novo. *See David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *State ex rel. Dep't of Criminal Justice v. VitaPro Foods, Inc.*, 8 S.W.3d 316, 323 (Tex. 1999)).

## Analysis

In three issues on appeal, Loomis argues the trial court erred when it granted La's and Nguyen's motion for judicial review and issued its order under section 51.903. We begin our analysis by examining the applicable statutory provisions.

### Government Code

The Texas Government Code provides an expedited proceeding for challenging a fraudulent lien or claim against real or personal property, the foundation of which is found in section 51.903. That section, which is largely a suggested form motion and order, allows a purported debtor or obligor or a person who owns an interest in real or personal property to ask for a judicial determination of the legitimacy of a filed or recorded document or instrument purporting to create a lien or interest in real or personal property. Tex. Gov't Code Ann. § 51.903(a), (c). A motion under that section requests the court to

6

review the subject document and determine "whether it should be accorded lien status." *Id.* at § 51.903(a). The motion for judicial review must be filed with the district clerk in the county where the subject document was filed and "may" be ruled on by a district judge having jurisdiction over real property matters in that county. *Id.* § 51.903(a), (c). The trial court's finding may be made solely on a review of the documents attached to the motion for judicial review and without hearing testimony. *Id.* § 51.903(c). "The court's review may be made ex parte without delay or notice of any kind." *Id.* The motion for judicial review must be verified and must acknowledge that it is not requesting a finding as to the underlying claim of the parties and that it is not seeking to invalidate a legitimate lien. *Id.* § 51.903(a), (b), (g).

The motion for judicial review must allege that the document or instrument at issue is fraudulent as that term is defined in section 51.901(c)(2). *Id.* § 51.903(a), § 51.901(c)(2). For purposes of a section 51.903 action, a document or instrument is presumed to be fraudulent if:

> [T]he document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:
>
> (A) is not a document or instrument provided for by the constitution or laws of this state or of the United States;
>
> (B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of

7

an agent, fiduciary, or other representative of that person; or

(C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

*Id.* § 51.901(c)(2). Thus, the court may presume the document is fraudulent under this section if the court makes one positive and three negative findings about the subject document. *Id.* The court must affirmatively find that the document purports to create a lien or claim against real or personal property. *Id.* Additionally, in order to find the subject document fraudulent, the court must determine that the document is not one of the following three types of legitimate liens or claims: (1) a document or instrument provided for by state or federal law or constitutional provision; (2) created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property; or (3) imposed by a court as an equitable, constructive, or other lien. *See id.* § 51.901(c)(2)(A)–(C).

Finally, a proceeding under section 51.903 is limited in scope. *See id.* § 51.903(a), (g). A trial court may only determine whether the subject document is fraudulent as defined by section 51.901(c)(2); it may not rule on any underlying claims of the parties involved. *See id.* § 51.903(g) ("suggested form order" states that "[t]his court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act"); *see also David Powers Homes*, 355 S.W.3d at 338

8

(statute not created to determine legitimacy and validity of claimed interest, but instead enacted to expeditiously determine legitimacy of document manifesting purported lien or interest) (quoting *In re Hart*, No. 07-98-0292-CV, 1999 WL 225956, at *2 (Tex. App.—Amarillo Apr. 15, 1999, no pet.) (not designated for publication); *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 667 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (substantive evidentiary claims are beyond the scope of section 51.903 proceedings).

**Purports to Create a Lien or Claim**

Based on the plain language of the statute, a proceeding under section 51.903 of the government code must first involve a document or instrument that purports to create a lien or assert a claim against real or personal property or an interest in real or personal property. *See* Tex. Gov't Code Ann. § 51.903(a). La and Nguyen plead in their motion for judicial determination that the restrictive covenants governing Carson Ranch Estates purported to create a lien or claim and should be declared fraudulent and given no status. *Id.* Restrictive covenants, however, are not liens or claims against real property, and therefore, are not subject to a section 51.903 proceeding. *Id.* The Texas Civil Practice and Remedies Code defines a "lien" as "a claim in property for the payment of a debt and includes a security interest." Tex. Civ. Prac. & Rem. Code Ann. § 12.001(3) (West Supp. 2012).[2] Black's Law Dictionary defines a "lien" as "[a] legal right or

---

[2]Chapter 12 of the Texas Civil Practice and Remedies Code also deals with liability related to a fraudulent court document or a fraudulent lien or claim

9

interest that a creditor has in another's property, lasting usu[ally] until a debt or duty that it secures is satisfied." Black's Law Dictionary 1006 (9th ed. 2009).

By contrast, the Texas Property Code defines a "restrictive covenant" as "any covenant, condition, or restriction contained in a dedicatory instrument, whether mandatory, prohibitive, permissive or administrative." *See* Tex. Prop. Code Ann. § 202.001(4) (West 2007 & Supp. 2012). Black's Law Dictionary defines a "restrictive covenant" as a "private agreement, usu[ally] in a deed or lease, that restricts the use or occupancy of real property, esp[ecially] by specifying lot sizes, building lines, architectural styles, and the uses to which the property may be put." Black's Law Dictionary 421 (9th ed. 2009). Additionally, at least one court has held that a restrictive covenant is a negative covenant that "limits permissible uses of land." *See In Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 665 (Tex. App.—Austin 2005, no pet.); *accord* Restatement (Third) of Prop.: Servitudes § 1.3(3) (2000) (restrictive covenant is "a negative covenant that limits permissible uses of land"). Thus, although restrictive covenants restrict or otherwise limit permissible uses of the land, they do not create or purport to create a "lien or a claim" on the owner's property within the meaning of section 51.903. *See* Tex. Gov't Code Ann. § 51.903; s*ee also Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 811 (W.D. Tex. 2012) (mortgage assignment not "lien" within meaning of statute

_____

filed against real or personal property. *See* Tex. Civ. Prac. & Rem.Code Ann. § 12.001–12.007 (West 2002 & Supp. 2012).

10

prohibiting filing of fraudulent liens against real property; assignment did not purport to create lien or claim against property but rather merely purported to transfer existing deed of trust from one entity to another).

La's and Nguyen's reliance on government code section 51.903 to challenge a restrictive covenant is misplaced. A section 51.903(a) ex parte proceeding was never meant to determine issues of creation, enforcement, validity, or construction of a restrictive covenant. Tex. Gov't Code Ann. § 51.903(a), (g). Because a section 51.903 proceeding applies only to documents or instruments "purporting to create a lien or a claim" against property, and because the restrictive covenant at issue in La's and Nguyen's motion for judicial determination does not purport to create a lien or claim against real property, the trial court erred when it granted La's and Nguyen's motion. *Id.* § 51.903(a). We sustain Loomis's first issue in part. Because this part of Loomis's first issue is dispositive, we do not reach the remainder of Loomis's first issue or her two other issues.[3]

## Conclusion

For the reasons stated above, we reverse the trial court order and dismiss the underlying motion for judicial review.[4]

---

[3] *See* Tex. R. App. P. 47.4.

[4] The trial court is directed to have a copy of this court's opinion and judgment recorded "in the same class of records as the subject documentation or instrument was originally filed."

PHYLIS J. SPEEDLIN
JUSTICE

PANEL:  MCCOY and MEIER, JJ.; and PHYLIS J. SPEEDLIN (Senior Justice, Retired, Sitting by Assignment)

DELIVERED:  October 17, 2013