

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BREANN WATERHOUSE and ROBERT WATERHOUSE, | § | No. 08-21-00124-CV |
| | § | Appeal from the |
| Appellants, | | |
| v. | § | County Court at Law Number 7 |
| FNU GOFIT, | § | of El Paso County, Texas |
| Appellee, | § | (TC# 2021DCV1503) |

# **O P I N I O N**

Breann Waterhouse and Robert Waterhouse (Appellants) filed a notice of lis pendens based on their alleged interest in a property they rented from their former landlords, Stephanie Harrison and Fnu GoFit, also known as Charles D. Harrison (Appellees), who then sought judicial review of the documentation purporting to create the lien. Appellants appeal the trial court's findings of fact and conclusions of law issued following that review. We affirm.

### *Factual and Procedural Background*

Appellants rented a house from Appellees from August 1, 2019 through January 31, 2021. After Appellees declined to renew the lease and Appellants vacated the property, Appellees returned the balance of Appellants' $1,850 security and pet deposits—which was just $8—with an accounting of itemized deductions as required by Texas Property Code section 92.104. Dissatisfied with this amount, Appellants responded by sending Appellees a demand letter, alleging Appellees

improperly withheld their security deposit to make the home ready for sale, not, as Appellees claimed, for necessary repairs and cleaning. [1]

On May 3, 2021, Appellees filed with the district clerk a motion for judicial review of documentation or instrument purporting to create a lien or claim under Texas Government Code section 51.903. On June 17, 2021, the County Court at Law No. 7 issued findings of fact and conclusions of law in which it ruled the documentation purportedly substantiating the lis pendens created no valid lien or claim on the subject property.

In this case, Appellants base their appeal on Appellees' motion for judicial review and ask us to vacate the reviewing court's findings of fact and conclusions of law based on res judicata and purported due process violations. Specifically, Appellants raise two issues on appeal: whether (1) the court lacked jurisdiction to issue its findings of fact and conclusions of law; and (2) Appellants were denied due process.

### *Standard of Review*

We agree with Appellants that the appropriate standard of review of the trial court's Section 51.903 findings is de novo because the trial court was charged with determining the issue solely

---

[1] This appeal is the companion case of case number 08-21-00108-CV, in which Appellants appeal the denial of their Texas Citizens Participation Act motion. Both cases share the same relevant factual history. In that case, Appellants sued Appellees on March 25, 2021, claiming, among other things, fraud and Texas Deceptive Trade Practices violations, and asking the court for declaratory judgment that because they constructively performed labor and/or furnished materials to improve Appellees' property, Appellants now owned an interest in the property. The following day, Appellants filed a notice of lis pendens based on their alleged interest in the property. On March 29, 2021, the County Court at Law Number 3 entered a temporary restraining order and set a permanent injunction hearing. Appellees then filed an emergency motion to expunge the lis pendens, contending Appellants' purported interest in the property has no basis in Texas law. Appellees also filed a motion for sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13. Appellants moved to dismiss both the emergency motion to expunge and motion for sanctions under the Texas Citizens Participation Act ("TCPA") and requested attorney's fees and sanctions under that statute. The trial court dismissed Appellees' emergency motion to expunge on April 23, 2021, and their motion for sanctions on April 28, 2021. Meanwhile, Appellants' TCPA motion was denied as a matter of law on June 14, 2021. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 27.008(a)("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.").

as a matter of law. *See David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 335 (Tex.App.—Houston [1st Dist.] 2011, no pet.)(concluding the same when there were no disputed facts before the trial court, the contents of the affidavits were undisputed, and the trial court considered no other evidence in its Section 51.903 findings).

*Analysis*

### 1. Whether the court lacked jurisdiction

Appellants first contend Appellees' filing the motion for judicial review constituted a "new repetitious lawsuit, seeking the same remedy in a different way [as] a collateral attack" on the trial court's denial of their emergency motion to expunge.[2] Appellants contend res judicata precludes Appellees' motion for judicial review because the trial court's denial of their emergency motion to expunge constitutes a final judgment subject only to mandamus or appeal.

Section 51.903 provides an expedited procedure for a person with an interest in real property to file a motion requesting that a court determine if a filed instrument asserting a lien is fraudulent. *Mossman v. Banatex, LLC*, 479 S.W.3d 854, 859 n.4 (Tex.App.—El Paso 2015, no pet.)(citing TEX.GOV'T CODE ANN. § 51.903). The court's finding may be made solely on review of documents appended to the motion and without hearing testimony. *Covenant Clearinghouse, LLC v. Foster*, No. 02-21-00334-CV, 2022 WL 1259051, at *2 (Tex.App.—Fort Worth Apr. 28, 2022, no pet.)(mem. op.)(citing *In re Hai Quang La*, 415 S.W.3d 561, 565 (Tex.App.—Fort Worth 2013, pet. denied)). "The court's review may be made ex parte without delay or notice of any kind." TEX.GOV'T CODE ANN. § 51.903(c). A Section 51.903 motion may be heard and ruled upon by any district judge with jurisdiction over real property matters in the county where the

---

[2] Importantly, Appellants do not appeal the substance of the findings of fact or conclusions of law, so we do not consider them here.

purportedly fraudulent instrument was filed. *Id.* Section 51.903 also provides suggested language for both movants and reviewing courts to ensure compliance with this section. *See id.* §§ 51.903(a), (g).

Appellees filed a motion for judicial review under Section 51.903 to request a judicial determination of the status of the documentation purporting to create an interest in their property. They asserted the documentation Appellants filed in support of their notice of lis pendens was fraudulent under Section 51.901(c)(2) and as such should not be accorded lien status.[3] The language in Appellees' motion substantially complies with the statutory requirements.

The reviewing court, County Court at Law No. 7, stated it reviewed Appellees' motion, verified affidavit, and the documentation attached thereto, and without notice, determined the documentation purporting to substantiate the lis pendens did not support the existence of a lien under any Texas law. The court also clarified it made "no finding as to any underlying claims of the parties involved, and expressly limit[ed] its finding of fact and conclusion of law to the review of a ministerial act," as required by Section 51.903.

Appellants contend the motion for judicial review was barred by res judicata. The doctrine of res judicata "bars a second action by parties and their privies on matters actually litigated in a previous suit, as well as claims which, through the exercise of diligence, could have been litigated in a prior suit." *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 58 (Tex. 2006)[Internal quotation and citation omitted]. A party asserting a res judicata defense must establish: "(1) a prior

---

[3] Appellants take issue with the fact Appellees appended their original, not amended, petition to the motion for judicial review. However, Section 51.903 requires movants to attach the documentation "purporting to create an interest" in the property at issue. TEX.GOV'T CODE ANN. § 51.903(a). Here, it was Appellants' original petition that purportedly substantiated the recorded lis pendens. Appellants did not file their amended petition until after the lien was recorded; as such, it would not have been appropriate supporting documentation for the purpose of Section 51.903 judicial review.

final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

However, Appellants' res judicata arguments fail because there is no final judgment in the case. The trial court merely denied Appellees' emergency motion to expunge. There has been no final determination on the merits in this case, and as such, res judicata is inapplicable here. *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 749 n.19 (Tex. 2017)(noting that a "final judgment" means "one where the trial court has rendered a final judgment and all direct appeals have been exhausted").

Appellants also argue Appellees improperly sought review from the County Court at Law No. 7, rather than the 205th District Court, which they claim had "dominant jurisdiction over all the issues" between the parties. However, Section 51.903 specifically states that the person seeking review of a purportedly fraudulent lien or claim may file that motion with the district clerk. TEX.GOV'T CODE ANN. § 51.903(a). The record reflects Appellees did just that. The County Court at Law No. 7 was assigned Appellees' motion for judicial review.

Further, Appellants' contention that the El Paso county courts are subordinate to its district courts is also incorrect because Texas Government Code section 25.0732 explicitly provides otherwise:

> (a) In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a county court at law in El Paso County

has the jurisdiction provided by the constitution and by general law for district courts.

> (b) A county court at law does not have jurisdiction of:
>
> > (1) felony cases, except as otherwise provided by law;
> >
> > (2) misdemeanors involving official misconduct; or
> >
> > (3) contested elections.

TEX.GOV'T CODE ANN. § 25.0732.

In other words, there is no support for Appellants' contention that County Court at Law No. 7 was subordinate to the 205th District Court or otherwise lacked jurisdiction to hear the motion for judicial review. Indeed, Section 25.0732 further provides in matters of concurrent jurisdiction, El Paso County district court judges and county court judges may transfer cases between their courts in the same manner district court judges transfer cases. TEX.GOV'T CODE ANN. § 25.0732(w). Further, even if the district clerk assigns a cause to a county court and the county court does not have subject matter jurisdiction over the matter, the assignment is considered a "clerical error" which may be corrected by a judgment or order nunc pro tunc.[4] *Id.* § 25.0732(t). In short, Appellants' contention that the County Court at Law No. 7 lacked jurisdiction to hear Appellees' motion for judicial review is without merit.

Issue One is overruled.

## 2. Whether Appellants were denied due process

Appellants then argue they were denied due process in the judicial review hearing. Specifically, Appellants claim Appellees falsely represented Appellants' counsel's information,

---

[4] The record does not reflect Appellants made this argument at the trial court level.

withheld that information from the trial court, failed to give Appellants notice of the judicial review hearing, and failed to give Appellants notice of the issued findings of fact and conclusions of law.

A due process claim involves two questions: (1) whether the appellant has a liberty or property interest entitled to procedural due process protection; and (2) if so, what process is due. *Mosley v. Tex. Health & Human Services Comm'n*, 593 S.W.3d 250, 264 (Tex. 2019)(citing *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)). Although Appellees dispute Appellants' characterization of the prehearing notice issues, we need not further discuss the matter because the statute explicitly provides the court's review under this section may be "ex parte without . . . notice of any kind." TEX.GOV'T CODE ANN. § 51.903(c). In other words, Appellants had no statutory right to notice of the hearing, so they were not entitled to due process protection. Appellants' reference to El Paso county court's form notice of hearing language (which requests parties provide other attorneys involved in the case with a copy of the hearing setting if that attorney is not copied on the same) is insufficient to overcome the plain language of the statute authorizing Section 51.903 hearings "without . . . notice of any kind." *Id.*

As to Appellants' post-hearing notice issue, the record does not contain a copy of the findings of fact and conclusions of law that should have been sent to Appellants within seven days of its filing under Section 51.903. *See id.* § 51.903(e)("A copy of the finding of fact and conclusion of law shall be sent, by first class mail, to the movant and to the person who filed the fraudulent lien or claim at the last known address of each person within seven days of the date that the finding of fact and conclusion of law is issued by the judge."). But even assuming this administrative requirement was not properly carried out, Appellants fail to show how it violates their due process rights. It is undisputed Appellants received notice of the court's order and timely filed this appeal, which is the proper remedy under Section 51.903. *See id.* § 51.903(c)("An appellate court shall

expedite review of a court's finding under this section."). To the extent there was error, it was harmless and does not amount to a due process violation.

Issue Two is overruled.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the trial court's findings of fact and conclusions of law.


October 24, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.