

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00525-CV

———————————————

KAREN ELIZABETH MORTON, Appellant

V.

LAKEVIEW LOAN SERVICING, LLC, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2024243

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellee Lakeview Loan Servicing, LLC filed an application under Texas Government Code Section 51.903 asking the trial court to determine the status of documents purporting to create a lien or claims against real property. *See* Tex. Gov't Code Ann. § 51.903(a). The application asserted that Appellant Karen Elizabeth Morton had executed a promissory note secured by a lien against property in Hood County; that Appellee was the mortgagee of the deed of trust; and that in July and August 2024, the county clerk had received, filed, and recorded three instruments that purported to create a lien or claim on real property against Lakeview. On September 25, 2024, the trial court signed its "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim," in which the court found that no valid lien or claim had been created by the instruments filed against the property. *See id.* § 51.903(c), (g).

Appellant filed a motion to reinstate the case, or, alternatively, a motion for new trial. On November 21, 2024—more than twenty days from the trial court's finding—she filed a notice of appeal. After the trial court denied Appellant's motion to reinstate on December 6, 2024, Appellant filed an amended notice of appeal and provided this court with a copy of the trial court's order denying her motion to reinstate.

On December 12, 2024, we notified Appellant of our concern that we did not have jurisdiction because her notice of appeal had not been timely filed. Section

51.903(c) provides that an appellate court must expedite review of a trial court's finding under that section. *Id.* § 51.903(c). Accordingly, a notice of appeal from the trial court's finding must be filed within twenty days of the trial court's signing of its finding. Tex. R. App. P. 26.1(b) (providing deadline for filing accelerated appeal), 28.1(a) (providing that appeals required by statute to be expedited are accelerated appeals), 28.1(b) (providing how to perfect an accelerated appeal); *see In re Mauer*, No. 02-19-00063-CV, 2019 WL 1829572, at *1 (Tex. App.—Fort Worth Apr. 25, 2019, no pet.) (per curiam) (mem. op.). Appellant's November 21, 2024 notice of appeal was therefore untimely. Consequently, we cautioned Appellant that her appeal could be dismissed for want of jurisdiction unless, by December 23, 2024, she filed a response showing grounds for continuing the appeal.

Appellant filed a response relying on this court's opinion in *In re Hai Quang La*, 415 S.W.3d 561, 562 (Tex. App.—Fort Worth 2013, pet. denied), and arguing that her motion to reinstate extended the deadline to file her notice of appeal, *see* Tex. R. App. P. 26.1(a). However, posttrial motions do not extend the time to perfect an accelerated appeal. *See* Tex. R. App. P. 28.1(b). Thus, Appellant's motion to reinstate did not extend the notice-of-appeal deadline in this case. *See Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *1 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.). Although a motion for new trial had been filed in *Hai Quang La*, the opinion did not discuss the timeline for filing a notice of appeal in a proceeding under Section 51.903, and it did not hold that the filing of a motion for new trial or

other posttrial motion extends the notice-of-appeal deadline.[1] *See Hai Quang La*, 415 S.W.3d at 562–67. Thus, that case does not show any grounds for continuing Appellant's appeal.

Appellant also argues that, although this is an accelerated appeal, the notice-of-appeal deadline ran from the trial court's order denying her motion to reinstate. But the notice-of-appeal timeline runs from when the trial court signs its judgment—or, in this case, its finding—not from when the trial court overrules a posttrial motion. Tex. R. App. P. 26.1; *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003).

Without a timely filed notice of appeal or extension request, we lack jurisdiction. *See Naaman*, 126 S.W.3d at 74 Because Appellant's appeal was untimely, we have no jurisdiction over her appeal. *See Mauer*, 2019 WL 1829572, at *1. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: January 16, 2025

---

[1]This court's records from that case indicate that, although the notice of appeal was filed outside the twenty-day deadline in Texas Rule of Appellate Procedure 26.1(b), it was filed within the fifteen-day extension period in Rule 26.3. *See* Tex. R. App. P. 26.1(b), 26.3. In this case, Appellant's notice of appeal was filed outside of the time allowed for an extension under Rule 26.3.